UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAKENZIE B. PAULY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>STANFORD HEALTH CARE,<br><br>Defendant. | Case No. 18-cv-05387-SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 8 |

Before the Court is defendant Stanford Health Care's motion to dismiss plaintiffs' complaint. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the hearing set for April 26, 2019. For the reasons set out below, the motion will be GRANTED and the complaint will be dismissed, with limited leave to amend on or before May 3, 2019.

**BACKGROUND**

This case arises out of defendant Stanford Hospital's alleged November 2008 failure to screen and stabilize 10-year-old Makenzie Pauly, who suffered from severe pain after her exploratory laparoscopic surgery and appendectomy (the "Underlying Incident"). Dkt. No. 1 at 4[1] (Complaint). On December 9, 2010, Faiza Pauly, Makenzie Pauly's mother, filed a complaint

---

[1] For ease of use, page references are to the ECF assigned page numbers.

alleging defendant's treatment of Makenzie Pauly violated the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395(dd) ("EMTALA"), and thereby caused Faiza Pauly emotional distress. Case No. 3:10-cv-05582-SI, Dkt. No. 1. On May 11, 2011, the suit was dismissed on the grounds that EMTALA does not provide a private right of action to a third party when the allegedly injured patient is still living. Case No. 3:10-cv-05582-SI, Dkt. No. 33.

On May 31, 2011, Pauly filed a First Amended Complaint ("FAC"), naming Makenzie Pauly as the plaintiff and again alleging EMTALA violations. Case No. 3:10-cv-05582-SI, Dkt. No. 35. On September 21, 2011, the FAC was dismissed, with leave to amend, because a non-attorney parent cannot represent a minor in federal court. *Id*. at Dkt. No. 74. Fazia Pauly was given until October 21, 2011 to find counsel for her minor daughter and to file an amended pleading.

On January 10, 2012, Fazia Pauley filed a document with the Court stating she had not secured counsel and requesting the Court dismiss the claim without prejudice, so that Makenzie Pauly could pursue it when she reached the age of majority. *Id*. at Dkt. No. 93. The Court ordered as follows:

> The Court agrees, and hereby DISMISSES this action WITHOUT PREJUDICE for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b). The claim is preserved as to [Makenzie Pauly], who may pursue the claim when she reaches the age of majority. *See Johns v. County of San Diego*, 114 F.3d 874, 878 (9th Cir. 1997) (reversing dismissal with prejudice, after parent failed to retain counsel, so that infant could bring claim when he reached the age of majority).

Case No. 3:10-cv-05582-SI, Dkt. No. 97 (February 6, 2012).

On August 31, 2018 Makenzie and Fazia Pauly filed the instant action, which was originally assigned to Judge Freeman. On September 27, 2018, defendant filed the instant motion to dismiss. On March 29, 2019 the case was related to the action originally filed in 2010 (Case No. 3:10-cv-05582-SI) and reassigned to this Court.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume the plaintiff's allegations are true and draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## DISCUSSION

### I. Fazia Pauly's Claims

While the Court's February 6, 2012 order preserved Makenzie Pauly's claims until she reached the age of majority, Fazia Pauly's claims were not similarly tolled. The EMTALA statute of limitations dictates that no action may be brought "more than two years after the date of the violation ..." 42 U.S.C. §1395dd(d)(2)(C). The Underlying Incident occurred in November 2008 and the instant complaint was filed nearly 10 years later. Consequently, Fazia Pauly cannot bring EMTALA claims on her own behalf because they are untimely. Fazia Pauly is also barred from bringing EMTALA claims based on the Underly Incident because EMTALA does not provide a private right of action to a third party when the allegedly injured patient is still living. Case No. 3:10-cv-05582-SI, Dkt. No. 33 (May 11, 2011) (Order granting motion to dismiss on the basis that third parties do not have a private right of action under EMTALA when the allegedly injured patient is still living); *see also Zeigler v. Elmore County Health Care Authority, et al.*, 56 F. Supp. 2d 1324, 1327 (M.D. Ala. 1990) (Finding that EMTALA's legislative history "suggests quite strongly that Congress intended to allow suit only by what the House Judiciary Committee called the 'individual patient,' that is, the individual for whose medical condition the emergency medical examination or

treatment was sought.")

The statute of limitations on Fazia Pauly's negligence and intentional infliction of emotional distress claims (causes of action seven through nine) have likewise run regardless of whether the Court imposed the one-year statute of limitation (pursuant to C.C.P. § 340.5) or the two-year limitation (pursuant to C.C.P. § 335.1).

Finally, Fazia Pauly's tenth cause of action (abuse of process) is also time barred. The latest possible date to calculate Fazia Pauly's abuse of process claim is February 6, 2012 – the Court's February 6, 2011 order dismissing the case. Case No. 3:10-cv-05582-SI, Dkt. No. 97. Pursuant to C.C.P. § 335.1, Fazia Pauly had to bring the cause of action within 3 years after the February 6, 2011 order. She did not and the claim is therefore time barred.

Thus, the first through fifth (EMTALA) and tenth causes of action are dismissed with prejudice with respect to Fazia Pauly, the seventh through ninth causes of action are dismissed in their entirety with prejudice.

## II. Makenzie Pauly's Claims

### A. EMTALA: First - Fifth Causes of Action

Defendant argues Makenzie Pauly's EMTALA causes of action are time barred. Defendant argues *Johns v. County of San Diego*, 114 F.3d 874,878 (9th Cir. 1997) – the case plaintiffs and this Court relied upon to toll Makenzie Pauly's EMTALA claims – is inapposite. The plaintiff in *Johns* sought relief under 42 U.S.C. § 1983. While § 1983 is a federal law, it is governed by the forum state's statue of limitations for tort claims. *Owens v Okure*, 488 US 235, 240 (1989) (requiring "courts to borrow and apply to all §1983 claims the one most analogous state statute of limitations."). As discussed above, California's statute of limitations on tort claims for injuries is two years and the statutes are tolled for minors until they reach the age of majority. C.C.P. §§ 335.1, 352. In contrast, EMTALA specifically sets forth the statute of limitations, as opposed to being governed by the forum state; therefore, per defendant's logic, tolling is improper and not allowed. Defendant underscores its argument by citing to non-Ninth Circuit cases in which courts declined

4

to toll EMTALA for minors. See *Vogel v. Linde*, 23 F.3d 78, 80 (4th Cir. 1994); *Brewer v. Miami County Hosp.*, 862 F. Supp. 305, 308 (D. Kan. 1994).

In *Johns*, the Ninth Circuit held that the minor "should be given the opportunity to pursue his cause of action when he reaches eighteen," and invoked Federal Rule of Civil Procedure 17(c) which reads "[t]he court ***must*** appoint a guardian ad litem—***or issue another appropriate order***—to protect a minor … who is unrepresented in an action." 114 F.3d 874, 878 (9th Cir. 1997); Fed. R. Civ. P. 17(c)(2) (emphasis added). The Ninth Circuit in *Johns* concluded that because "the goal [of FRCP 17(c)] is to protect the rights of infants, the complaint should not have been dismissed with prejudice as to" the minor in that case. 114 F.3d 874, 878 (9th Cir. 1997).

The Court declines to dismiss Makenzie Pauly's EMTALA causes of action for two reasons. First, there is no binding precedent that requires the Court to find otherwise; indeed, the Ninth Circuit in *Johns* indicates that tolling the statute and preserving Makenzie Pauly's claims is required by Rule 17(c). Second, Makenzie Pauly has relied on the Court's February 2012 order. For the Court to preclude her from bringing the claim, after explicitly ordering that the claim would be preserved so she could pursue it once she reached the age of majority, would be manifestly unjust.

The Court therefore DENIES defendant's motion to dismiss Makenzie Pauly's first through fifth causes of action.

### B. Sixth Cause of Action: Negligent Infliction of Emotional Distress

The complaints filed in 2010 and 2011 regarding the Underlying Incident did not allege Negligent Infliction of Emotional Distress. Thus, when the Court issued its February 6, 2012 order stating that the "claim is reserved as to [Makenzie Pauly] who may pursue the claim when she reaches the age of majority," the Court was referring exclusively to the EMTALA claims. Case No. 3:10-cv-05582-SI, Dkt. No. 97 (February 6, 2012). The Court did not preserve claims that had not been filed.

The California Code of Civil Procedure sets forth the statute of limitations for a Negligent Infliction of Emotional Distress claim, which states in pertinent part:

> In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first. . . . Actions by a minor shall be commenced within three years from the date of the alleged wrongful act except that actions by a minor under the full age of six years shall be commenced within three years or prior to his eighth birthday whichever provides a longer period.

C.C.P. § 340.5. Thus, plaintiff would have had to bring her negligence cause of action no later than three years after the Underlying Incident – approximately December 2011.

Even assuming plaintiff's negligence claim had been tolled until she reached age of majority, the statue of limitation was one year. Plaintiff was 10 years old in November 2008 when the Underlying Incident occurred and thus would have turned 18 sometime in 2016. Plaintiff would have had to file her negligence claim within a year after turning 18 – so sometime in 2017. The instant action was filed in August 2018 and is thus untimely under that calculation as well.

As such, Makenzie Pauly's negligent infliction of emotional distress cause of action is time barred and dismissed with prejudice.

### C. Tenth Cause of Action: Abuse of Process

To state a claim for abuse of process in California, Makenzie Pauly must show that defendant used a legal process in a wrongful manner to accomplish a purpose for which it was not designed. *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1056 (2006). The essential elements of this claim are: (1) defendant acted with an ulterior motive; and (2) defendant committed a willful act or threat not authorized by the process and not proper in the regular conduct of some official proceedings. *Id*. at 1057. The nature of the tort is the misuse of process, i.e., the use of process for a purpose other than that for which it is designed. Witkin, Summary of California Law § 517 (2005).

The gravamen of Makenzie Pauly's abuse of process claim is that defendant (1) tried to coerce plaintiff into signing a Rule 68 Offer (Compl. at 24), (2) spoliation of evidence – plaintiffs

allege defendant deleted various information contained in Makenzie Pauly's medical records[2] (Compl. at 26), and (3) defendant misled the Court in violation of Rule 11 by making allegedly misleading statements in their various filings dating back to 2011[3] (Compl. at 27).

Plaintiffs have failed to allege an abuse of process claim because they have not alleged an ulterior motive, nor have they alleged a willful act or threat not proper in the regular conduct of official proceedings. The Rule 68 Offer is standard and is not abuse of process.

Plaintiff's abuse of process allegations regarding spoliation of evidence fail because they have not used a judicial/legal process to obtain the allegedly deficient documents. Simply because the medical files contain different information does not mean that defendant nefariously and permanently destroyed potentially relevant evidence.

Finally, the alleged violations of Rule 11 do not constitute abuse of process because (1) they are instances of defendant merely litigating the case and (2) plaintiff does not, and likely cannot, allege ulterior motive here. "To show an ulterior motive, the plaintiff must show that the defendant employed the process for an end not germane to the legal proceeding, and an improper purpose may be the achievement of a benefit totally extraneous to or a result not within the legal proceeding's legitimate scope." *Owens v. Chasko*, U.S. Dist. LEXIS 81470, *13 (E.D. Cal. July 25, 2011).

Accordingly, the Court GRANTS defendants' motion to dismiss Makenzie Pauly's abuse of process claim. Although the Court is skeptical that Makenzie Pauly can allege an abuse of process claim, the Court will grant her leave to amend. If Makenzie Pauly files an amended complaint including a cause of action for abuse of process, she must be able to allege the elements of such a claim as set forth above. **<u>Any amended complaint must be filed no later than May 3, 2019.</u>**

---

[2] Plaintiffs allege that they have three sets of medical records: (1) Set 1 – obtained on May 29, 2009, printed prior to the filing of the first complaint; (2) Set 2 – obtained in August 2017, requested by Makenzie Pauly after she reached the age of majority while no lawsuits were pending; and Set 3 – obtained in May 2018, requested in person at Stanford Health Center and provided the same day. Plaintiffs allege Set 1 has much more detailed information than the other two sets and that defendant deleted the omitted information.

[3] For example, plaintiffs allege defendant violated Rule 11(b)(2) by filing an answer in August 2011 to plaintiffs' second amended complaint and asserted affirmative defenses "unwarranted by existing law." See Compl. at 29. The affirmative defenses plaintiffs allege are unwarranted by law include contributory negligence and assumption of risk.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED in part and DENIED in part. Specifically,

**First - Fifth Causes of Action (EMTALA – Fazia Pauly & Makenzie Pauly)**

--GRANTED with prejudice as to Fazia Pauly

--DENIED as to Makenzie Pauly

**Sixth Cause of Action (Negligent Infliction of Emotional Distress – Makenzie Pauly)**

--GRANTED with prejudice

**Seventh - Ninth Causes of Action (NIED and IIED – Fazia Pauly)**

--GRANTED with prejudice

**Tenth Cause of Action (Abuse of Process – Fazia Pauly & Makenzie Pauly)**

--GRANTED with prejudice as to Fazia Pauly

--GRANTED without prejudice as to Makenzie Pauly

**Any amended complaint must be filed no later than May 3, 2019.**

**IT IS SO ORDERED**.

Dated: April 19, 2019

_____
SUSAN ILLSTON
United States District Judge