# SCHUERING ZIMMERMAN
# & DOYLE, LLP

Attorneys at Law

400 University Avenue
Sacramento, CA 95825-6502
(916) 567-0400
FAX: 568-0400
Website: *www.szs.com*

Leo H. Schuering, Jr.
Robert H. Zimmerman
Thomas J. Doyle\*
Lawrence Scott Giardina\*
Keith D. Chidlaw
Kat Todd
Chad C. Couchot\*
Sarah C. Gosling
Daniela P. Stoutenburg
Damon T. Appelblatt
Alaina T. Dickens
Thomas M. Gray
Carolyn L. Northrop
Ian A. Scharg
Mandy L. Sims
David J. Van Dam

*Of Counsel:*
Theodore D. Poppinga

\*Also admitted in Nevada

Steven T. Scully (1948-1994)

August 20, 2021

The Honorable Susan Illston
United States District Court, Northern District
450 Golden Gate Avenue, 17th Floor, Courtroom 1
San Francisco, CA 94102

Re:   Pauly v. Stanford Health Care; 18-cv-05387-SI

Dear Judge Ilston:

Defendant, Stanford Health Care ("SHC"), respectfully disagrees with Ms. Pauly's position with respect to the subpoenas issued for her medical records, billing records, and radiology films from Sutter Medical Center. Plaintiff has asserted that SHC is only entitled to discovery related to its defense and that Defendant is only entitled to discovery for the date of 12/10/08 when she visited the Emergency Department at SHC. However, as you are aware, Federal Rule of Civil Procedure, Rule 26(b)(1) allows parties to obtain discovery concerning any non-privileged matter that is relevant to **any party's claim or defense**. Here, Plaintiff has made a decision to litigate and seek damages specifically related to her medical care. Plaintiff has specifically cited *Britt v. Superior Court*, 20 Cal.3d 844 (1978); however, *Britt* actually confirms Defendant's position that when certain activities are directly relevant to a plaintiff's claim, the disclosure of those activities is essential to a fair resolution and the trial court may properly compel disclosure. *Britt, supra,* 20 Cal.3d at 858. Additionally, Plaintiff has cited to an alleged Federal Rule of Evidence 994, which does not exist. In contrast, the Federal Rules of Evidence Rule 501 affords the privilege to a psychotherapist and patient relationship but contains no general doctor-patient privilege, and further states "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."

Specifically, Plaintiff has alleged that SHC violated EMTALA when it refused to accept her as a transfer patient, while she was at Sutter. In order for EMTALA to apply, Plaintiff must have been diagnosed with an emergency medical condition ("EMC") when Sutter requested a transfer. 42 U.S.C. §1395dd. As such, Plaintiff's prior medical records from Sutter go directly to the crux of Plaintiff's claims. In addition, Plaintiff has alleged that she had a known emergency medical condition (severe abdominal pain) when she arrived at the ED at SHC on 12/10/08. Defendant is also aware that Plaintiff was diagnosed with chronic abdominal pain in both November 2008 and December 2008 at Sutter Medical Center and as such, the care and treatment about her abdominal pain prior to her arrival at SHC is directly relevant to this case.

Furthermore, Plaintiff has alleged that SHC improperly discharged her without stabilizing her alleged EMC on 12/10/08. EMTALA defines stabilization as ensuring within reasonable medical

probability, that no material deterioration of the condition is likely to result from or occur during the transfer of the individual from a facility, including discharge. Of note, EMTALA defines an emergency medical condition as a medical condition manifesting itself by acute symptoms of sufficient severity such that the absence of immediate medical attention could reasonably be expected to result in (i) placing the health of the individual in serious jeopardy, (ii) serious impairment to bodily functions, or (iii) serious dysfunction of any bodily organ or part. 42 U.S.C. §1395dd. Plaintiff specifically testified that she believes she suffered serious bodily injury, including the inability to walk. Therefore, Defendant is entitled to discovery of any subsequent medical treatment, including discovery of any bodily function or bodily organ that was affected, after her discharge from SHC in order to ascertain if Plaintiff had any material deterioration.

In addition, under EMTALA, Plaintiff's relief is limited to those damages available for personal injury under state law. 42 U.S.C. §1395dd (d)(2)(A). Under California law, she is entitled to allege both general and special damages (including past and future medical specials). Plaintiff has testified that she had "unbearable mental anguish" and thought she was going to die each and every day in the 5 weeks post-discharge from the ED at SHC on 12/10/08. This alleged mental anguish is clearly more than a "garden variety" claim for emotional distress. As such, Plaintiff has not only placed her abdominal pain at issue, but any condition regarding her mental anguish, including any pre-existing condition for such, as that discovery directly relates to Plaintiff's allegations in this case. In California, when a plaintiff seeks recovery for mental injuries, that plaintiff "unquestionably waive[s] their physician-patient and psychotherapist-patient privileges." *In re Yosemite Nat'l Park Hantavirus Litig.* (N.D.Cal. Sep. 23, 2016, No. 14-md-02532-MMC (KAW)) 2016 U.S.Dist.LEXIS 130706, at *20. Defendant is therefore also entitled to any records at Sutter both pre and post-treatment at SHC that indicate the condition or status of Plaintiff's mental health. Defendant is also entitled to the billing records evidencing any special damages. Contrary to Plaintiff's assertions, Defendant has <u>not</u> subpoenaed her parents' financial records. Defendant has <u>only</u> subpoenaed the billing records which belong to Plaintiff. If her parents paid some of those bills, the records would undoubtedly only reflect payments by Plaintiff and not her parents.

Lastly, Plaintiff asserts that Defendant's subpoenas are improper because she objected to a Request for Production of Documents for these records and she provided some of the records in response. This argument clearly fails as Defendant is entitled to both an RFP (FRCP 26(d)(3)(A)) and subpoenas (FRCP 45). Plaintiff's objection that she would not produce documents does not then prohibit Defendant's ability to subpoena them directly from the source. In addition, Plaintiff only produced partial records from Sutter and did not produce a Declaration from the Custodian of Records that the records were full and complete and true and accurate copies in order to lay the necessary foundation for admission into evidence at the time of trial. Therefore, Plaintiff's objections should be overruled.

Very truly yours,

**SCHUERING ZIMMERMAN & DOYLE, LLP**

*/s/ Carolyn L. Northrop*

Carolyn L. Northrop

CLN:amf
2127-12450\01378729.WPD