Makenzie Pauly, Pro Se
1840 41st Ave. Ste. 102-386
Capitola, CA 95010
(831) 212-4118
paulytwo.0@gmail.com

September 2, 2021

The Honorable Susan Illston
United States District Court, Northern District – San Francisco
450 Golden Gate Ave., 17th Floor, Courtroom 1
San Francisco, CA 94102

   Re: *Pauly v. Stanford Health Care*
      Case No.: 18-cv-05387-SI

Dear Judge Illston:

I am writing you to request your help regarding Discovery. On August 24, 2021, I reached out to Defendant's counsel to meet and confer regarding certain discovery issues, but we were unable to come to a resolution. I am trying to follow Federal Rule of Civil Procedure 26(b)(1) and keep my requests, "relevant to any party's claim or defense and proportional to the needs of the case". The main problem I am is facing is that I have no information concerning the factual basis of Defendant's defenses. They will not provide any meaningful answers and/or information to my requests.

On June 9, 2021, Defendant requested in their Special Interrogatories, Set One #2-6, that I, "state all facts that support YOUR allegation[s]". Even though the answer to that interrogatory was in Defendant's possession with my original and subsequent Complaints, I responded to their request in full. In my Special Interrogatories, Set One #6, I requested the same information from Defendant, stating, "Please state the factual basis for the defenses you raised in your Answer to Plaintiff's Complaint". Defendants' response referred me to Defendant's Answers to Plaintiff's Complaint, dated May 16, 2019. That Answer did not give me any indication of the factual basis for their defenses. According to FRCP Rules 8(b) and (c) and the 9th Circuit ("A defense is insufficiently pled if it fails to give the plaintiff fair notice of the nature of the defense. See *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir.1979)." *Barnes v AT&T Pension* 718 Supp. 2d 1167)

I am entitled to fair notice of Defendant's factual basis for their claims. Defendant's Answers to Plaintiff's Complaint are no more than a recitation of legal doctrines. Defendant did not provide any facts in support of these legal doctrines or how they applied to the causes of action in this case. I am prejudice by the fact that Defendant is allowed to pursue one-sided Discovery where I am denied fair notice of Defendants claims *and* denied any meaningful responses to my discovery requests.

The 9th Circuit requires Defendants be held to the same pleading standard as Plaintiff's ("The defendant bears the burden of proof on an affirmative defense, in the same way that the plaintiff bears the burden of proof on a claim for relief. See *Kanne v. Conn. Gen. Life Ins. Co.*, 867 F.2d 489, 492 n.4 (9th Cir. 1988)" *Perez v. Gordon & Wong Law Group, P.C.* Case No. 11-CV-03323-LHK, ORD. DENYING MSJ. Dkt. 35, p.11:6-8.). I have survived four Motions to Dismiss and successfully proved that my causes of action were plausible, according to the 9th Circuit's standard. Defendant, however, has not provided a single plausible defense in their pleadings and are now stonewalling me in Discovery, even refusing to authenticate public information posted on their website.

In addition, Defendant has refused to provide me with any of the necessary information needed to support my case. My requests included information regarding policies and procedures, third-party medical records, SHC's EMTALA Central Log, phone logs, peer review reports, and my complete SHC e-medical records. Their objections state that discovery is ongoing, they cannot find the requested information, the information is privileged, and other boilerplate objections. EMTALA case law shows that my requests are appropriate, allowed, and necessary to my claims.

Policies and procedures are not privileged and are discoverable ("[A] hospital fulfills the `appropriate medical screening'; requirement when it conforms in its treatment of a particular patient to its standard screening procedures." At 1256 (quotations and citations omitted)" *Jackson v. East Bay Hosp.* 246 F.3d 1248 (9th Cir. 2001)).

Third-party medical records are not privileged and are discoverable ("Since a relevant inquiry to Plaintiff's EMTALA claim is whether Plaintiff was screened differently than other patients, . . . a discovery request seeking medical records of patients presenting to the emergency department with similar injuries and symptoms" may be appropriate under Fed. R. Civ. P. 26(b)(1). *Gonzalez*, 2009 WL 1025543, at * 3 (citing *Southard v. United Reg'l Health Care Sys., Inc*., 245 F.R.D. 257, 260 (N.D. Tex. 2007) See also *Etter v Bibby* 10-cv-00557, Memorandum Opinion and Order, Dkt. 75, p. 9-10 and *Baker v. Adventist* 260 F.3d 987 (9th Cir. 2001))

Peer review records are not privileged in Federal Court and are discoverable ("Peer review privilege is not recognized under federal law. *Agster v. Maricopa County*, 422 F.3d 836, 839 (9th Cir. 2005) ("No case in this circuit has recognized the [medical peer review] privilege"; declining to find or create a federal peer review privilege when "Congress has twice had occasion and opportunity to consider the privilege and not granted it either explicitly or by implication")." *Love v Permanente* c-12- 05679 DMR (re Dkt 58, Aug. 15,2013, N.D. Cal.))

All the information that I have requested is highly relevant and proportional to my claims.

My parents filed a complaint with SHC shortly after my December 10, 2008, visit, regarding SHC's refusal to provide medical care and potential EMTALA violations. SHC had knowledge of a potential lawsuit at that time, and were required to put a litigation hold on all data pertaining to the events. In addition, Defendant stated that they were committed to preserving all evidence pertaining to the case in their CMC statements. Defendant now claim they are not in possession of any of the requested information and that they have no knowledge if the information ever existed.

While Defendant is stonewalling me in Discovery, they are demanding that I produce answers to all their requests. I have no ability to determine whether Defendant's requests are relevant or proportional to their claims because Defendant has refused to provide any factual basis for their defenses. Defendant aggressively deposed me for seven hours on August 13, 2021. They attempted to intimidate me by stating that I must answer ANY non-privileged question, for example, asking for my Social Security number, where I graduated High School and where I obtained my law degree, regardless of whether the questions were relevant or proportional to the needs of the case.

Additionally, Defendant issued a subpoena for my private lifetime medical records, a request that is neither relevant nor proportional. These subpoenas are overly broad and could not possibly lead to discovery of admissible evidence in an EMTALA case. Pre-existing medical conditions or past medical events have no relevancy in determining whether a hospital violated Federal EMTALA law.

I am enclosing a copy of the parties attempts to meet and confer regarding these discovery disputes. I am entitled to the relevant discovery information I am seeking. Defendant should not be allowed to continue to seek information in Discovery until they provide a plausible defense in keeping with the *Iqbal* and *Twombly* pleading standards. ("Each… Affirmative Defenses is deficient—they do not identify what actions give rise to the defenses, how the legal doctrines apply… or why the claims allegedly fail. None states a plausible basis for inferring that Oracle America is not entitled to the relief it seeks, as required under Iqbal. To the contrary and as a matter of common sense, it is improbable that all of the asserted boilerplate defenses apply… Google's pleading does not give Oracle America fair notice, and the defenses should be stricken." *Oracle America, INC. v. Google Inc.* Case No. CV 10-03561 Oracle America's MTD Counterclaims, Dkt. 35 p. 7:6-12.)

I respectfully request the Court compel Defendant to participate in Discovery in good faith.


Regards,


MAKENZIE PAULY
Plaintiff, Pro Se

Carolyn L. Northrop - SBN: 237989
SCHUERING ZIMMERMAN & DOYLE, LLP
400 University Avenue
Sacramento, California 95825-6502
(916) 567-0400
FAX: 568-0400

Attorneys for Defendant, STANFORD HEALTH CARE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAKENZIE PAULY,<br><br>               Plaintiff<br><br>vs.<br><br>STANFORD HEALTH CARE,<br><br>               Defendant. | NO. 5:18-CV-05387-SI<br><br>DEFENDANT STANFORD HEALTH CARE'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE<br><br>Complaint Filed:   08/31/18<br>Trial Date:        Not Scheduled |

PROPOUNDING PARTY:   Plaintiff, MAKENZIE PAULY

RESPONDING PARTY:   Defendant, STANFORD HEALTH CARE

SET NUMBER:        ONE

     It should be noted that this responding party has not fully completed the investigation of the facts relating to this case, has not fully completed the discovery in this action, and has not completed preparation for trial.

     All of the responses contained herein are based only upon such information and documents which are presently available to and specifically known to this responding party and disclose only those contentions which presently occur to such responding party. It is anticipated that further discovery, independent investigations, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead

DEFENDANT STANFORD HEALTH CARE'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE

1    to substantial additions to changes in, and variations from the contentions herein set

2    forth.

3          The following responses are given without prejudice to the responding party's

4    right to produce evidence of any subsequently discovered fact or facts which this

5    responding party may later recall.

6          Responding party accordingly reserves the right to change any and all responses

7    herein as additional facts are ascertained, analyses are made, legal research is

8    completed, and contentions are made.

9          The responses contained herein are made in a good faith effort to supply as

10   much factual information and as much specification of legal contentions as is

11   presently known, but should in no way be to the prejudice of the answering party in

12   relation to further discovery, research and analysis.

13         These responses bear the same number as the request being answered.

14         Responding party objects specifically to the definition of "INCIDENT" as it

15   appears in this action.  Said term is vague and ambiguous. Without waiving said

16   objection and subject thereto, Defendant responds as follows:

17   **A.     Admit that each of the following statements is true:**

18   <u>REQUEST NO. 1:</u>

19         Stanford Health Care (SHC) is a participating hospital as defined by the

20   Emergency Medical Treatment and Labor Act (EMTALA).

21   <u>**RESPONSE TO REQUEST NO. 1:**</u>

22         Defendant objects on the grounds that this request is vague and ambiguous.  In

23   addition, said request seeks an improper legal conclusion.  Further, said request

24   potentially seeks to violate the attorney-client and/or work-product privileges as well as

25   seeks information that is not likely to lead to the discovery of admissible evidence.

26   However, without waiving said objections, and subject to them, Defendant responds

27   as follows:  Admit.

28   / / /

REQUEST NO. 2:

On November 14, 2008, Plaintiff, then aged 10y, visited SHC's Emergency Department (Ed) for uncontrolled post-surgical abdominal pain.

**RESPONSE TO REQUEST NO. 2:**

Defendant objects on the grounds that this request is compound.  In addition, Defendant objects to this request on the grounds that it is vague and ambiguous, both generally and specifically with respect to "uncontrolled post-surgical abdominal pain." In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  However, without waiving said objections, and subject to them, Defendant responds as follows:  Defendant admits that Plaintiff presented to the Emergency Department at SHC on November 14, 2008.  Defendant further admits that Plaintiff reported that she was age 10 at the time.  Defendant denies that Plaintiff complained of "uncontrolled post-surgical abdominal pain."  Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 3:

On November 14, 2008, SHC ED medical records show Plaintiff reported pain of 8 on the 10-point pain scale.

**RESPONSE TO REQUEST NO. 3:**

Defendant objects on the grounds that this request is compound.  In addition, Defendant objects to this request on the grounds that it is vague and ambiguous, both generally and specifically with respect to time.  In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  Said request also potentially seeks to violate California Evidence Code Section 1157 and the

DEFENDANT STANFORD HEALTH CARE'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE

1   Patient Safety and Quality Improvement Act of 2005 (PSQIA).  However, without

2   waiving said objections, and subject to them, Defendant responds as follows:

3   Defendant admits that Plaintiff reported pain; however, the medical records do not

4   indicate that her pain was 8 out of 10 during her entire visit to the Emergency Room on

5   November 14, 2008, and therefore on that basis, Defendant denies this request.

6   Discovery is continuing and Defendant reserves the right to introduce and use such

7   evidence as may be later discovered.

8   REQUEST NO. 4:

9       On November 14, 2008, Plaintiff received a medical screening exam and tests to

10  identify the cause of the pain.

11  **RESPONSE TO REQUEST NO. 4:**

12      Defendant objects on the grounds that this request is compound.  In addition,

13  Defendant objects to this request on the grounds that it is vague and ambiguous, both

14  generally and specifically with respect to "medical screening exam" and "tests."  In

15  addition, said request potentially seeks to violate the attorney-client and/or work-

16  product privileges as well as seeks information that is not likely to lead to the discovery

17  of admissible evidence.  Said request also potentially seeks to violate California

18  Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of

19  2005 (PSQIA).  Additionally, said request seeks a premature disclosure of expert

20  opinions.  However, without waiving said objections, and subject to them, Defendant

21  responds as follows:  Defendant admits that Plaintiff received medical care and

22  treatment at the Emergency Department at SHC on November 14, 2008, including a

23  medical exam.  Discovery is continuing and Defendant reserves the right to introduce

24  and use such evidence as may be later discovered.

25  REQUEST NO. 5:

26      On November 14, 2008, SHC ED records show Plaintiff received pain medication

27  that reduced her pain to a tolerable level, and she said she felt well enough to go

28  home.

DEFENDANT STANFORD HEALTH CARE'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET
ONE

**RESPONSE TO REQUEST NO. 5:**

Defendant objects on the grounds that this request is compound.  In addition, Defendant objects to this request on the grounds that it is vague and ambiguous, both generally and specifically with respect to "tolerable level" and "well enough."  In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  Additionally, said request seeks a premature disclosure of expert opinions.  However, without waiving said objections, and subject to them, Defendant responds as follows:  Defendant admits that Plaintiff's medical records from SHC on November 14, 2008 indicate that she received 1 morphine injection and 1 5-500mg tablet of hydrocodone-acetaminophen.  Despite a reasonable inquiry, Defendant is without sufficient knowledge or information to admit or deny the remainder of the request, and therefore on that basis, Defendant denies the remainder of the request. Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

**REQUEST NO. 6:**

On November 14, 2008, SHC ED discharge instructions stated, "Return to the Emergency Room if…you are experiencing unbearable pain not controlled with Vicodin."  (See EXHIBIT A, P. A-1)

**RESPONSE TO REQUEST NO. 6:**

Defendant objects to this request on the grounds that it is vague and ambiguous. In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  However, without waiving said objections, and subject to them,

DEFENDANT STANFORD HEALTH CARE'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE

Defendant responds as follows:  Defendant admits that Plaintiff's medical records from SHC on November 14, 2008 indicate discharge instructions that state:  "Take Vicodin as prescribed as needed for severe pain.  Return to the Emergency room if persistent vomiting occurs, you are unable to tolerate liquids, or you are experiencing unbearable pain not controlled with Vicodin."  Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 7:

On December 7, 2008, Sutter physician, Dr. Gates, requested a transfer to SHC because Sutter Hospital was unable to stabilize Plaintiff.

**RESPONSE TO REQUEST NO. 7:**

Defendant objects on the grounds that this request is compound.  In addition, Defendant objects to this request on the grounds that it is vague and ambiguous, both generally and specifically with respect to time and "unable to stablize."  In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  Additionally, said request seeks a premature disclosure of expert opinions. However, without waiving said objections, and subject to them, Defendant responds as follows:  Despite a reasonable inquiry, Defendant is without sufficient knowledge or information to admit or deny the request, and therefore on that basis, Defendant denies this request. Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 8:

SHC medical transport program call record shows communication between Sutter and SHC from December 7, 2008, to December 10, 2008.

/ / /

/ / /

DEFENDANT STANFORD HEALTH CARE'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE

**RESPONSE TO REQUEST NO. 8:**

Defendant objects to this request on the grounds that it is vague and ambiguous. In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  However, without waiving said objections, and subject to them, Defendant responds as follows:  Deny. Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 9:

On December 8, 2008, SHC medical transport program call record states that SHC was, "…not sure if they want to take pt."

**RESPONSE TO REQUEST NO. 9:**

Defendant objects to this request on the grounds that it is vague and ambiguous. In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  However, without waiving said objections, and subject to them, Defendant responds as follows:  Deny. Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 10:

On December 7, 2008, Sutter physician, Dr. Gates, states, "Dr. larkin will arrange for d/c and admit as inpatient to Peds ward for w/u."  "Dr. Lin @ LCPH (sic) no current bed avail @ pediatric ward.  Spoke with Dr. Larkin who rec initiating Gabapentin Rx while here.  Will attempt transfer tomorrow."  (Hand-written Sutter notes)

/ / /

/ / /

**RESPONSE TO REQUEST NO. 10:**

Defendant objects on the grounds that this request is compound.  In addition, Defendant objects to this request on the grounds that it is vague and ambiguous.  In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  However, without waiving said objections, and subject to them, Defendant responds as follows:  Despite a reasonable inquiry, Defendant is without sufficient knowledge or information to admit or deny the request, and therefore on that basis, Defendant denies this request. Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

**REQUEST NO. 11:**

On December 8, 2008, Sutter records state, "Awaiting transfer to Stanford.  Bed not currently available...Transfer to Stanford for in-patient pediatric pain svc mgmt..." (Hand-written Sutter notes)

**RESPONSE TO REQUEST NO. 11:**

Defendant objects on the grounds that this request is compound.  In addition, Defendant objects to this request on the grounds that it is vague and ambiguous.  In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  However, without waiving said objections, and subject to them, Defendant responds as follows:  Despite a reasonable inquiry, Defendant is without sufficient knowledge or information to admit or deny the request, and therefore on that basis, Defendant denies this request. Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 12:

In a letter addressed to Plaintiff's mother, dated January 23, 2009, Dr. Dannenberg stated "Prior to Makenzie's arrival in the Emergency Room at Stanford, an LPCH physician on the Pain Service and a physician on the General Pediatric service spoke to Makenzie's surgeon at Sutter. The LPCH physicians explained there were no beds available for admission and that arrangements were made for a pain clinic appointment."

**RESPONSE TO REQUEST NO. 12:**

Defendant objects to this request on the grounds that it is vague and ambiguous. In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence. Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA). However, without waiving said objections, and subject to them, Defendant responds as follows: Defendant admits that this request has correctly quoted a portion of a letter authored by Dr. Dannenberg on January 23, 2009 to Faiza Pauly. Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 13:

Dr. Dannenberg's the statement above (#12) does not acknowledge the fact that Dr. Larkin and Dr. Lin agreed to accept Plaintiff in transfer and admit her to the In-Patient Pediatric Pain Management Clinic when a bed became available.

**RESPONSE TO REQUEST NO. 13:**

Defendant objects on the grounds that this request is compound. In addition, Defendant objects to this request on the grounds that it is vague and ambiguous, both generally and specifically with respect to "accept Plaintiff in transfer." In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible

evidence.  Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA). Additionally, said request seeks a premature disclosure of expert opinions.  Further, said request misstates the evidence.  However, without waiving said objections, and subject to them, Defendant responds as follows:  Deny. Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 14:

On December 10, 2008, Sutter physician, Dr. Falco states, "It was felt that she would benefit from a impatient referral to Stanford for their pain service, but they refused admission unless she failed their outpaitnet pain management service." (p. 5 Sutter medical records)

**RESPONSE TO REQUEST NO. 14:**

Defendant objects on the grounds that this request is compound.  In addition, Defendant objects to this request on the grounds that it is vague and ambiguous.  In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  However, without waiving said objections, and subject to them, Defendant responds as follows:  Despite a reasonable inquiry, Defendant is without sufficient knowledge or information to admit or deny the request, and therefore on that basis, Defendant denies this request. Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 15:

In December of 2008 SHC had a requirement that patients be seen at the out-patient pediatric pain management clinic, and 'fail' the out-patient pediatric pain

///

management clinic before being accepted into the in-patient pediatric pain management clinc.

**RESPONSE TO REQUEST NO. 15:**

Defendant objects on the grounds that this request is compound.  In addition, Defendant objects to this request on the grounds that it is vague and ambiguous, both generally and specifically with respect to "in-pateint pediatric pain management clinic."  In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  Additionally, said request seeks a premature disclosure of expert opinions.  Further, said request misstates the evidence.  However, without waiving said objections, and subject to them, Defendant responds as follows: Deny. Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 16:

Dr. Dannenberg, in a letter to Plaintiff's mother, dated January 23, 2009, ratified SHC's decision to send Plaintiff to out-patient clinic instead of accepting her in transfer, "...no beds available for admission...arrangements were made for a pain clinic appointment."

**RESPONSE TO REQUEST NO. 16:**

Defendant objects to this request on the grounds that it is vague and ambiguous, both generally and specifically with respect to "ratified."  In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence. Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  Additionally, said request seeks a premature disclosure of expert opinions.  Said request also misstates

1   the evidence.  However, without waiving said objections, and subject to them,

2   Defendant responds as follows:  Defendant admits that this request has correctly

3   quoted a portion of a letter authored by Dr. Dannenberg on January 23, 2009 to Faiza

4   Pauly.   However, Defendant denies the remainder of the request.  Discovery is

5   continuing and Defendant reserves the right to introduce and use such evidence as

6   may be later discovered.

7   REQUEST NO. 17:

8        Plaintiff's out-patient pain clinic appointment was made in November for

9   January 13, 2009.

10  **RESPONSE TO REQUEST NO. 17:**

11       Defendant objects on the grounds that this request is compound.  In addition,

12  Defendant objects to this request on the grounds that it is vague and ambiguous, both

13  generally and specifically with respect to time.  In addition, said request potentially

14  seeks to violate the attorney-client and/or work-product privileges as well as seeks

15  information that is not likely to lead to the discovery of admissible evidence.  Said

16  request also potentially seeks to violate California Evidence Code Section 1157 and the

17  Patient Safety and Quality Improvement Act of 2005 (PSQIA).  However, without

18  waiving said objections, and subject to them, Defendant responds as follows:  Despite

19  a reasonable inquiry, Defendant is without sufficient knowledge or information to

20  admit or deny the request, and therefore on that basis, Defendant denies the request.

21  Discovery is continuing and Defendant reserves the right to introduce and use such

22  evidence as may be later discovered.

23  REQUEST NO. 18:

24       Sutter physician, Dr. Falco, stated in Sutter medical records, "Philip J. McDonald,

25  M.D. also saw the patient while in the hospital from Pediatric Gastroenterology.  He did

26  not feel that there were any other GI tests that were warranted at this time." (pg. 55)

27  ///

28  ///

**RESPONSE TO REQUEST NO. 18:**

Defendant objects on the grounds that this request is compound.  In addition, Defendant objects to this request on the grounds that it is vague and ambiguous, both generally and specifically with respect to time.  In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  However, without waiving said objections, and subject to them, Defendant responds as follows:  Despite a reasonable inquiry, Defendant is without sufficient knowledge or information to admit or deny the request, and therefore on that basis, Defendant denies this request.  Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 19:

Plaintiff's out-patient Gastroentereology appointment was scheduled for mid-December, but was cancelled at the advice of Sutter physicians.

**RESPONSE TO REQUEST NO. 19:**

Defendant objects on the grounds that this request is compound.  In addition, Defendant objects to this request on the grounds that it is vague and ambiguous, both generally and specifically with respect to time.  In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  However, without waiving said objections, and subject to them, Defendant responds as follows:  Despite a reasonable inquiry, Defendant is without sufficient knowledge or information to admit or deny the request, and therefore on that basis, Defendant denies this request.

///

Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 20:

In a letter addressed to Plaintiffs' mother, dated March 17, 2009, Shira Mowlem, SHC Risk Management, stated "With regard to your questions concerning the request for transfer initiated by Sutter, the transfer was denied based upon clinical information."

**RESPONSE TO REQUEST NO. 20:**

Defendant objects to this request on the grounds that it is vague and ambiguous. In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  However, without waiving said objections, and subject to them, Defendant responds as follows:  Defendant admits that this request has partially quoted a portion of a letter authored by Shira Mowlem on March 17, 2009 to Faiza Pauly.  Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 21:

EMTALA defines 'capability' to care for patients as, "Capabilities of a medical facility means that there is physical space, equipment, supplies, and services that the hospital provides (e.g., surgery, psychiatry, obstetrics, intensive care, pediatrics, trauma care).  Capabilities of the staff of a facility means the level of care that the personnel of the hospital can provide within the training and scopy of their professional licenses." (See EXHIBIT A, P. A-2)

**RESPONSE TO REQUEST NO. 21:**

Defendant objects on the grounds that this request is vague and ambiguous.  In addition, said request seeks an improper legal conclusion.  Further, said request

potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence. Finally, said request is not in accordance with Federal Rules of Civil Procedure, Rule 36(a)(1)(A) and is therefore an improper request.

REQUEST NO. 22:

EMTALA defines 'capacity' as, "The capacity to render care is not reflected simply by the number of persons occupying a specialized unit, the number of staff on duty, or the amount of equipment on the hospital's premises. Capacity includes whatever a hospital customarily does to accommodate patients in excess of its occupancy limits (§489.24 (b)). If a hospital has customarily accommodated patients in excess of its occupancy limits by whatever means (e.g. moving patients to other units, calling in additional staff, borrowing equipment from other facilities) it has, in fact, demonstrated the ability to provide services to patients in excess of its occupancy limits." (See EXHIBIT A, P. A-2)

**RESPONSE TO REQUEST NO. 22:**

Defendant objects on the grounds that this request is vague and ambiguous. In addition, said request seeks an improper legal conclusion. Further, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence. Finally, said request is not in accordance with Federal Rules of Civil Procedure, Rule 36(a)(1)(A) and is therefore an improper request.

REQUEST NO. 23:

During the time of December 7 through December 10, 2008, SHC had the **capability** to offer Plaintiff specialized pediatric pain services.

**RESPONSE TO REQUEST NO. 23:**

Defendant objects on the grounds that this request is compound. In addition, Defendant objects to this request on the grounds that it is vague and ambiguous, both generally and specifically with respect to "capability" and "specialized." In addition,

DEFENDANT STANFORD HEALTH CARE'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE

said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  Additionally, said request seeks a premature disclosure of expert opinions. Further, said request misstates the evidence.  However, without waiving said objections, and subject to them, Defendant responds as follows:  Deny. Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 24:

During the time of December 7 through December 10, 2008, SHC had the **capacity** to accept Plaintiff in transfer.

**RESPONSE TO REQUEST NO. 24:**

Defendant objects on the grounds that this request is compound.  In addition, Defendant objects to this request on the grounds that it is vague and ambiguous, both generally and specifically with respect to "capacity" and "accept Plaintiff in transfer." In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  Additionally, said request seeks a premature disclosure of expert opinions.  Further, said request misstates the evidence.  However, without waiving said objections, and subject to them, Defendant responds as follows:  Deny. Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 25:

SHC has the ability to accept and admit patients to the hospital in excess of its occupancy limits.

DEFENDANT STANFORD HEALTH CARE'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE

**RESPONSE TO REQUEST NO. 25:**

Defendant objects on the grounds that this request is compound.  In addition, Defendant objects to this request on the grounds that it is vague and ambiguous, both generally and specifically with respect to "occupancy limits."  In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence. Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  Additionally, said request seeks a premature disclosure of expert opinions.  Further, said request misstates the evidence.  However, without waiving said objections, and subject to them, Defendant responds as follows:  Deny. Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 26:

SHC has in the past accepted patients in excess of its occupancy limits.

**RESPONSE TO REQUEST NO. 26:**

Defendant objects on the grounds that this request is compound.  In addition, Defendant objects to this request on the grounds that it is vague and ambiguous, both generally and specifically with respect to "occupancy limits."  In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence. Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  Additionally, said request seeks a premature disclosure of expert opinions.  Further, said request misstates the evidence.  However, without waiving said objections, and subject to them, Defendant responds as follows:  Deny. Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

///

///

DEFENDANT STANFORD HEALTH CARE'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE

REQUEST NO. 27:

On December 10, 2008, Plaintiff came to the Defendant's ED requesting emergency medical care.

**RESPONSE TO REQUEST NO. 27:**

Defendant objects to this request on the grounds that it is vague and ambiguous, both generally and specifically with respect to "emergency medical care." In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence. Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA). Additionally, said request seeks a premature disclosure of expert opinions. However, without waiving said objections, and subject to them, Defendant responds as follows: Defendant admits that Plaintiff presented to the Emergency Department at SHC on December 10, 2008. Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 28:

SHC uses an emergency department triage system called ESI.

**RESPONSE TO REQUEST NO. 28:**

Defendant objects to this request on the grounds that it is vague and ambiguous, both generally and specifically with respect to "ESI." In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence. Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA). Additionally, said request seeks a premature disclosure of expert opinions. However, without waiving said objections, and subject to them, Defendant responds as follows: As phrased, despite a reasonable inquiry, Defendant is without sufficient knowledge or information to admit or deny the request, and therefore on that basis, Defendant denies the

request.  Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 29:

The following statements (Emergency Department Triage, StatPearls Publishing; 2021 Jan-. Charles C. Yancey; Maria C. O'Rourke.) are accurate regarding the ESI triage system:

"Overview of the Emergency Severity Index (ESI) Triage Algorithm

The first question in the ESI triage algorithm for triage nurses asks whether "the patient requires immediate life-saving interventions" or simply "is the patient dying?"

…If the nurse can accurately diagnose the patient with these criteria and mark as a Level 1 trauma patient, the patient will need immediate life-saving therapy. Immediate physician involvement in the care of the patient is critical and is one of the differences between level 1 and level 2 patient designations.

…If the patient is not categorized as a level 1, the nurse then decides if the patients should wait or not.  This is determined by three questions; is the patient in a high-risk situation, confused, lethargic, or disoriented?  Or is the patient in severe pain or distress?  The high-risk patient is one who could esily deteriorate, one who could have a threat to life, limb, or organ.  This is where the experience of the nurse comes into play.  The clinical experience of the nurse allows for pinpointing the unusual presentations of diseases that may progress with rapid deterioration.

Before moving on, if the nurse has concluded that the patient will need many hospital resources during the visit, the nurse will again evaluate the patient's vital signs and look for unstable vital signs.  If the patient is outside the normal or acceptable limits and approaching dangerous vitals, the patient would then be triaged as a Level 2.  (See EXHIBIT A, P. A-4)

///

**RESPONSE TO REQUEST NO. 29:**

Defendant objects to this request on the grounds that it is compound.  Further, Defendant objects on the grounds that this request is vague and ambiguous.  In addition, said request seeks an improper legal conclusion.  Further, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence. Additionally, said request seeks a premature disclosure of expert opinions.  Finally, said request is not in accordance with Federal Rules of Civil Procedure, Rule 36(a)(1)(A) and is therefore an improper request.

REQUEST NO. 30:

On December 10, 2008, Plaintiff was classified as "2, Emergent".

**RESPONSE TO REQUEST NO. 30:**

Defendant objects to this request on the grounds that it is vague and ambiguous, both generally and specifically with respect to "classified."  In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence. Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  Additionally, said request seeks a premature disclosure of expert opinions.  Further, said request misstates the evidence.  However, without waiving said objections, and subject to them, Defendant responds as follows:  Defendant admits that Plaintiff's triage nursing notes on December 10, 2008 indicate her level was 2-Emergent.  Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 31:

SHC ED records show Plaintiff had unstable vitals, severe pain, and was considered 'high risk.'

///

**RESPONSE TO REQUEST NO. 31:**

Defendant objects on the grounds that this request is compound.  In addition, Defendant objects to this request on the grounds that it is vague and ambiguous, both generally and specifically with respect to time.  In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  Additionally, said request seeks a premature disclosure of expert opinions.  Further, said request misstates the evidence.  However, without waiving said objections, and subject to them, Defendant responds as follows:  Deny. Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 32:

SHC ED records dated December 10, 2008, show Plaintiff received a 2mg dose of morphine after being triaged and before being seen by attending physician Dr. Grant Lipman.

**RESPONSE TO REQUEST NO. 32:**

Defendant objects to this request on the grounds that it is vague and ambiguous. In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  Additionally, said request seeks a premature disclosure of expert opinions.  Further, said request misstates the evidence.  However, without waiving said objections, and subject to them, Defendant responds as follows:  Defendant admits that Plaintiff's medical records from SHC indicate that she was administered 2mg of morphine at 18:07 and that her records further indicate that a chart note was

///

started by Dr. Lipman at 18:45.  Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 33:

SHC ED records dated December 10, 2008, Dr. Grant Lipman states regarding Plaintiff, "Pain is currently rated at 10/10.  The patient says that she is unable to walk 2/2 pain...She appears distressed.  **Crying out in pain**."  (Bold in original)

**RESPONSE TO REQUEST NO. 33:**

Defendant objects to this request on the grounds that it is compound.  Further, Defendant objects to this request on the grounds that it is vague and ambiguous.  In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  However, without waiving said objections, and subject to them, Defendant responds as follows:  Defendant admits that this request has correctly quoted small portions of Dr. Lipman's December 14, 2008 chart note.  Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 34:

EMTALA requires participating hospitals to provide an impartial Medical Screening Exam (SME) to all patients who present to the ED requesting one.

**RESPONSE TO REQUEST NO. 34:**

Defendant objects on the grounds that this request is vague and ambiguous.  In addition, said request seeks an improper legal conclusion.  Further, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  Finally, said request is not in accordance with Federal Rules of Civil Procedure, Rule 36(a)(1)(A) and is therefore an improper request.

DEFENDANT STANFORD HEALTH CARE'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE

REQUEST NO. 35:

All patients presenting to SHC ED in December of 2008 were offered an MSE impartially.

**RESPONSE TO REQUEST NO. 35:**

Defendant objects to this request on the grounds that it is vague and ambiguous, both generally and specifically with respect to "MSE." In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence. Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA). Additionally, said request seeks a premature disclosure of expert opinions. However, without waiving said objections, and subject to them, Defendant responds as follows: Assuming Plaintiff intends "MSE" to mean medical screening exam, Defendant admits this request. Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 36:

All patients presenting to SHC ED in December of 2008 were denied an MSE impartially.

**RESPONSE TO REQUEST NO. 36:**

Defendant objects to this request on the grounds that it is vague and ambiguous, both generally and specifically with respect to "MSE." In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence. Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA). Additionally, said request seeks a premature disclosure of expert opinions. However, without waiving said objections, and subject to them, Defendant responds as follows: Assuming Plaintiff intends "MSE" to mean medical screening exam, Defendant denies this

DEFENDANT STANFORD HEALTH CARE'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE

1  request.  Discovery is continuing and Defendant reserves the right to introduce and use
2  such evidence as may be later discovered.

3  REQUEST NO. 37:

4       SHC ED records dated December 10, 2008, contain no record of tests, (CT scans,
5  x-rays, etc) being ordered to determine the cause of Plaintiff's abdominal pain.

6  **RESPONSE TO REQUEST NO. 37:**

7       Defendant objects to this request on the grounds that it is vague and ambiguous,
8  both generally and specifically with respect to "tests." In addition, said request
9  potentially seeks to violate the attorney-client and/or work-product privileges as well as
10 seeks information that is not likely to lead to the discovery of admissible evidence.
11 Said request also potentially seeks to violate California Evidence Code Section 1157
12 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  Additionally, said
13 request seeks a premature disclosure of expert opinions.  Finally, said request
14 misstates the evidence.  However, without waiving said objections, and subject to
15 them, Defendant responds as follows:  Deny.  Discovery is continuing and Defendant
16 reserves the right to introduce and use such evidence as may be later discovered.

17 REQUEST NO. 38:

18      SHC ED record shows Dr. Lipman called two on-call specialists to see Plaintiff,
19 and both refused to come in, "Services consulted: LPCH pediatrician; pain svc Consult
20 Comments: Call pain team, see range of treatment offered and this may dictate
21 treatment.  Pain svc says will not admit/consult unless medically indicated or seen as
22 outpatient first.  No admission per LPCH hospitalist"

23 **RESPONSE TO REQUEST NO. 38:**

24      Defendant objects to this request on the grounds that it is compound.  Further,
25 Defendant objects to this request on the grounds that it is vague and ambiguous.  In
26 addition, said request potentially seeks to violate the attorney-client and/or work-
27 product privileges as well as seeks information that is not likely to lead to the discovery
28 of admissible evidence.  Said request also potentially seeks to violate California

Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA). Additionally, said request seeks a premature disclosure of expert opinions. Finally, said request misstates the evidence. However, without waiving said objections, and subject to them, Defendant responds as follows: Defendant admits that Dr. Lipman's December 14, 2008 chart note states: "Services Consulted: LPCH pediatrician; pain svc. Consult Comments: Call pain team, see range of treatment offer and this may dictate treatment. Pain svc says will not admit/consult unless medically indicated or seen as outpatient first. No admission per LPCH hospitalist." Defendant denies the remainder of the request. Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 39:

SHC ED records dated December 10, 2008, contain no record of treatment or medications being ordered or administered to address Plaintiff's abdominal pain, other than the small dose of morphine prior to being seen by attending physician Dr. Grant Lipman.

**RESPONSE TO REQUEST NO. 39:**

Defendant objects to this request on the grounds that it is compound. Further, Defendant objects to this request on the grounds that it is vague and ambiguous. In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence. Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA). Additionally, said request seeks a premature disclosure of expert opinions. Finally, said request misstates the evidence. However, without waiving said objections, and subject to them, Defendant responds as follows: Deny. Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

DEFENDANT STANFORD HEALTH CARE'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE

REQUEST NO. 40:

In December of 2008 SHC had a requirement that patients be seen at the outpatient pain clinic before receiving pain treatment at the ED.

**RESPONSE TO REQUEST NO. 40:**

Defendant objects to this request on the grounds that it is compound.  Further, Defendant objects to this request on the grounds that it is vague and ambiguous.  In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  Additionally, said request seeks a premature disclosure of expert opinions.  Finally, said request misstates the evidence.  However, without waiving said objections, and subject to them, Defendant responds as follows:  Deny.  Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 41:

Shira Mowlem, SHC Risk Management, stated in a letter to Plaintiff's mother, dated March 17, 2009, regarding ED treatment "It was determined by the medical staff that your daughter's care would be appropriately handled on an outpatient basis."

**RESPONSE TO REQUEST NO. 41:**

Defendant objects to this request on the grounds that it is vague and ambiguous. In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  Finally, said request misstates the evidence.  However, without waiving said objections, and subject to them, Defendant responds as follows:  Defendant admits that a small portion of Shira Mowlem's March 17, 2019 letter to Faiza Pauly

reads: "In addition, she was medically stable for discharge and as mentioned previously, it was determined that her care, including further diagnostic workup, could be appropriately performed on an outpatient basis and would be best managed on an outpatient basis." Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 42:

In December of 2008, SHC had a policy prohibiting doctors from treating chronic pain in the ED.

**RESPONSE TO REQUEST NO. 42:**

Defendant objects to this request on the grounds that it is vague and ambiguous. In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence. Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA). Additionally, said request seeks a premature disclosure of expert opinions. Finally, said request misstates the evidence. However, without waiving said objections, and subject to them, Defendant responds as follows: Deny. Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 43:

SHC ED records dated December 10, 2008, record Dr. Lipman as stating, "Pt. stable".

**RESPONSE TO REQUEST NO. 43:**

Defendant objects to this request on the grounds that it is vague and ambiguous. In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence. Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of

DEFENDANT STANFORD HEALTH CARE'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE

1   2005 (PSQIA).  Additionally, said request seeks a premature disclosure of expert

2   opinions.  Finally, said request misstates the evidence.  However, without waiving said

3   objections, and subject to them, Defendant responds as follows:  Defendant admits

4   that Dr. Lipman's December 10, 2008 chart note states:  "Patient progress and

5   condition on discharge:  Stable 8:17PM."  Discovery is continuing and Defendant

6   reserves the right to introduce and use such evidence as may be later discovered.

7   REQUEST NO. 44:

8        SHC ED records dated December 10, 2008, do not contain evidence of a

9   reduction of pain, ability to walk, stable vitals or that Plaintiff reported feeling better or

10  wished to be discharged.

11  **RESPONSE TO REQUEST NO. 44:**

12       Defendant objects to this request on the grounds that it is compound.  Further,

13  Defendant objects to this request on the grounds that it is vague and ambiguous.  In

14  addition, said request potentially seeks to violate the attorney-client and/or work-

15  product privileges as well as seeks information that is not likely to lead to the discovery

16  of admissible evidence.  Said request also potentially seeks to violate California

17  Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of

18  2005 (PSQIA).  Additionally, said request seeks a premature disclosure of expert

19  opinions.  Finally, said request misstates the evidence.  However, without waiving said

20  objections, and subject to them, Defendant responds as follows:  Deny.  Discovery is

21  continuing and Defendant reserves the right to introduce and use such evidence as

22  may be later discovered.

23  REQUEST NO. 45:

24       SHC ED records dated December 10, 2008, provide no documentation or clinical

25  evidence to support Dr. Lipman's statement that the patient was stable.

26  **RESPONSE TO REQUEST NO. 45:**

27       Defendant objects to this request on the grounds that it is vague and ambiguous.

28  In addition, said request potentially seeks to violate the attorney-client and/or work-

product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  Additionally, said request seeks a premature disclosure of expert opinions.  Finally, said request misstates the evidence.  However, without waiving said objections, and subject to them, Defendant responds as follows:  Deny.  Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 46:

Shira Mowlem, SHC Risk Management, stated in a letter to Plaintiff's mother, dated March 17, 2009, regarding ED treatment "…further diagnostic workup could be appropriately performed on an outpatient basis and would be best managed on an outpatient basis."

**RESPONSE TO REQUEST NO. 46:**

Defendant objects on the grounds that this request is duplicative of Request No. 41 and is therefore harassing.  Defendant objects to this request on the grounds that it is vague and ambiguous.  In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  Finally, said request misstates the evidence.  However, without waiving said objections, and subject to them, Defendant responds as follows:  Defendant admits that a small portion of Shira Mowlem's March 17, 2019 letter to Faiza Pauly reads:  "In addition, she was medically stable for discharge and as mentioned previously, it was determined that her care, including further diagnostic workup, could be appropriately performed on an outpatient basis and would be best managed on an outpatient basis."  Discovery is continuing and

///

1  Defendant reserves the right to introduce and use such evidence as may be later

2  discovered.

3  REQUEST NO. 47:

4       Dr. Bernard Dannenberg, Director of Pediatric Emergency Medicine at LPCH,

5  stated in an Vital Care Magazine, ER Heroes, "The overarching goal of our department

6  is to treat every child with the proper and appropriate pain management techniques,

7  but to also have an atmosphere that appeals to a wide range of ages by being bright

8  and uplifting rather than childish and cartoon-like.".  (See EXHIBIT A, P. A-6)

9  **RESPONSE TO REQUEST NO. 47:**

10       Defendant objects to this request on the grounds that it is vague and ambiguous.

11  In addition, said request potentially seeks to violate the attorney-client and/or work-

12  product privileges as well as seeks information that is not likely to lead to the discovery

13  of admissible evidence.  Said request also potentially seeks to violate California

14  Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of

15  2005 (PSQIA).  Finally, said request misstates the evidence.  However, without waiving

16  said objections, and subject to them, Defendant responds as follows:  Defendant

17  admits that this request correctly cites a portion of language contained on page A-6 of

18  Plaintiff's Exhibit A served with these requests.  Despite a reasonable inquiry,

19  Defendant is without sufficient knowledge or information to admit or deny the

20  remainder of the request, and therefore on that basis, Defendant denies the remainder

21  of the request.  Discovery is continuing and Defendant reserves the right to introduce

22  and use such evidence as may be later discovered.

23  REQUEST NO. 48:

24       Dr. Dannenberg stated, in Welcome to the NEW Pediatric Emergency

25  Department at Stanford, a guide to Residents (2006), "Try to Treat Pain.  Even if a child

26  does not complain about pain, try to offer medications for a painful condition.". (See

27  EXHIBIT A, P. A-7)

28  / / /

DEFENDANT STANFORD HEALTH CARE'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET
ONE

**RESPONSE TO REQUEST NO. 48:**

Defendant objects to this request on the grounds that it is vague and ambiguous. In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence. Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA). Finally, said request misstates the evidence. However, without waiving said objections, and subject to them, Defendant responds as follows: Defendant admits that this request correctly cites a portion of language contained on page A-8 of Plaintiff's Exhibit A served with these requests. Defendant denies that said language was stated by Dr. Dannenberg. Despite a reasonable inquiry, Defendant is without sufficient knowledge or information to admit or deny the remainder of the request, and therefore on that basis, Defendant denies the remainder of the request. Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

**REQUEST NO. 49:**

Plaintiff was discharged with a pain score of 10/10.

**RESPONSE TO REQUEST NO. 49:**

Defendant objects to this request on the grounds that it is vague and ambiguous. In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence. Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA). Additionally, said request seeks a premature disclosure of expert opinions. Finally, said request misstates the evidence. However, without waiving said objections, and subject to them, Defendant responds as follows: Deny. Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

DEFENDANT STANFORD HEALTH CARE'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE

REQUEST NO. 50:

Plaintiff was not treated with 'appropriate pain management techniques' or offered 'medications to treat a painful condition,' as described by Dr. Dannenberg in the Vital Care Magazine article mentioned in Admission #47 or according to the Welcome guide for Residents mentioned in Admission #48.

**RESPONSE TO REQUEST NO. 50:**

Defendant objects to this request on the grounds that it is compound.  Further, Defendant objects to this request on the grounds that it is vague and ambiguous.  In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  Additionally, said request seeks a premature disclosure of expert opinions.  Finally, said request misstates the evidence.  However, without waiving said objections, and subject to them, Defendant responds as follows:  Deny.  Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 51:

Plaintiff was treated differently than other patients and given no pain treatment in violation of standards outlined by the Director of Pediatric Emergency Medicine. (See EXHIBIT A, P. A-4)

**RESPONSE TO REQUEST NO. 51:**

Defendant objects to this request on the grounds that it is compound.  Further, Defendant objects to this request on the grounds that it is vague and ambiguous.  In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of

DEFENDANT STANFORD HEALTH CARE'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE

2005 (PSQIA).  Additionally, said request seeks a premature disclosure of expert opinions.  Finally, said request misstates the evidence.  However, without waiving said objections, and subject to them, Defendant responds as follows:  Deny.  Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 52:

Dr. Grant Lipman has received patient complaints involving denial of care in the SHC ED, prior to Plaintiff's incident.

**RESPONSE TO REQUEST NO. 52:**

Defendant objects to this request on the grounds that it is compound.  Further, Defendant objects to this request on the grounds that it is vague and ambiguous.  In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  Additionally, said request seeks a premature disclosure of expert opinions.  Finally, said request misstates the evidence.

REQUEST NO. 53:

Dr. Grant Lipman has received patient complaints involving denial of care in the SHC ED, after Plaintiff's incident.

**RESPONSE TO REQUEST NO. 53:**

Defendant objects to this request on the grounds that it is compound.  Further, Defendant objects to this request on the grounds that it is vague and ambiguous.  In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of

/ / /

2005 (PSQIA).  Additionally, said request seeks a premature disclosure of expert

opinions.  Finally, said request misstates the evidence.

REQUEST NO. 54:

Dr. Grant Lipman is not a pediatric care specialist.

**RESPONSE TO REQUEST NO. 54:**

Defendant objects to this request on the grounds that it is vague and ambiguous,

both generally and specifically with respect to "pediatric care specialist."  In addition,

said request potentially seeks to violate the attorney-client and/or work-product

privileges as well as seeks information that is not likely to lead to the discovery of

admissible evidence.  However, without waiving said objections, and subject to them,

Defendant responds as follows:  Defendant admits Dr. Grant Lipman is not board

certified in pediatrics.  Discovery is continuing and Defendant reserves the right to

introduce and use such evidence as may be later discovered.

REQUEST NO. 55:

Dr. Grant Lipman is an emergency medicine specialist with training in

wilderness medicine.

**RESPONSE TO REQUEST NO. 55:**

Defendant objects to this request on the grounds that it is vague and ambiguous,

both generally and specifically with respect to "pediatric care specialist."  In addition,

said request potentially seeks to violate the attorney-client and/or work-product

privileges as well as seeks information that is not likely to lead to the discovery of

admissible evidence.  However, without waiving said objections, and subject to them,

Defendant responds as follows:  Admit.  Discovery is continuing and Defendant

reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 56:

Plaintiff never saw a pediatric specialist of any kind while at SHC ED on

December 10, 2008.

///

**RESPONSE TO REQUEST NO. 56:**

Defendant objects to this request on the grounds that it is compound. Further, Defendant objects to this request on the grounds that it is vague and ambiguous, both generally and specifically with respect to "saw." In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence. Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA). Additionally, said request seeks a premature disclosure of expert opinions. Finally, said request misstates the evidence. However, without waiving said objections, and subject to them, Defendant responds as follows: Defendant is without sufficient knowledge or information to admit or deny the request, and therefore on that basis, Defendant denies the request. Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 57:

Please authenticate the print-out of SHC's Emergency Medical Treatment and Labor Act (EMTALA) Code of Conduct, Compliance Integrity program Course. (See EXHIBIT A, P. A-9 – A-35)

**RESPONSE TO REQUEST NO. 57:**

Defendant objects on the grounds that this request is vague and ambiguous. In addition, said request seeks an improper legal conclusion. Further, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence. Finally, said request is not in accordance with Federal Rules of Civil Procedure, Rule 36(a)(1)(A) and is therefore an improper request.

/ / /

/ / /

/ / /

REQUEST NO. 58:

The EMTALA Compliance Integrity Program Course states as one of its objectives, "Identify how EMTALA requirements apply to Stanford Health Care and Stanford Children's Health."

**RESPONSE TO REQUEST NO. 58:**

Defendant objects to this request on the grounds that it is vague and ambiguous, both generally and specifically with respect to "EMTALA Compliance Integrity Program Course" and as to time.  In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  Additionally, said request seeks a premature disclosure of expert opinions.  However, without waiving said objections, and subject to them, Defendant responds as follows:  Defendant is without sufficient knowledge or information to admit or deny the request, and therefore on that basis, Defendant denies the request.  Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 59:

The EMTALA Compliance Integrity Program Course states, "EMTALA applies to any Dedicated ED patient until that patient is:

-Found not to have an emergency medical condition;

-Is admitted to the hospital due to an emergency medical condition; or

-Is transferred to another hospital in compliance with EMTALA requirements."

**RESPONSE TO REQUEST NO. 59:**

Defendant objects to this request on the grounds that it is compound.  Further, Defendant objects to this request on the grounds that it is vague and ambiguous, both generally and specifically with respect to "EMTALA Compliance Integrity Program Course" and as to time.  In addition, said request potentially seeks to violate the

attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence. Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA). Additionally, said request seeks a premature disclosure of expert opinions. However, without waiving said objections, and subject to them, Defendant responds as follows: Defendant is without sufficient knowledge or information to admit or deny the request, and therefore on that basis, Defendant denies the request. Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 60:

The EMTALA Compliance Integrity Program Course states,

"-The purpose of the MSE is to determine if the person has an Emergency Medical Condition;

-The MSE must be appropriate to the person's complaint and his or her signs and symptoms;

-The MSE must be the same examination provided to any other person in the SHC ED or SHC L&D with the same complaint, signs, and symptoms;

-The MSE must include all resources of SHC or LPCH that are available to the SHC ED or SHC L&D, including imaging, lab tests, and other services.

**RESPONSE TO REQUEST NO. 60:**

Defendant objects to this request on the grounds that it is compound. Further, Defendant objects to this request on the grounds that it is vague and ambiguous, both generally and specifically with respect to "EMTALA Compliance Integrity Program Course" and as to time. In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence. Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA). Additionally, said request seeks a

premature disclosure of expert opinions.  However, without waiving said objections, and subject to them, Defendant responds as follows:  Defendant is without sufficient knowledge or information to admit or deny the request, and therefore on that basis, Defendant denies the request.  Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 61:

The MSE given to Plaintiff did not 'include all resources of SHC or LPCH that were available to the SHC ED.'

**RESPONSE TO REQUEST NO. 61:**

Defendant objects to this request on the grounds that it is vague and ambiguous, both generally and specifically with respect to "MSE' and "all resources of SHC or LPCH," as well as time.  In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  Additionally, said request seeks a premature disclosure of expert opinions.  However, without waiving said objections, and subject to them, Defendant responds as follows:  As phrased, Defendant is without sufficient knowledge or information to admit or deny the request, and therefore on that basis, Defendant denies the request.  Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 62:

The EMTALA Compliance Integrity Program Course states, "On-Call Physician Services

-SHC and SCH must have an on-call roster that lists the name of physicians who are available to come to the SHC ED or SHC L&D to assist in providing further examination and stabilizing treatment for patients with an Emergency Medical Condition.

-On-call physicians must respond to a request from the SHC ED or SCH L&D, or other treating physician, to come to the SHC ED or SCH L&D to help treat a patient with an Emergency Medical Condition.  The response, by phone or in-person, if needed, must be timely."

**RESPONSE TO REQUEST NO. 62:**

Defendant objects to this request on the grounds that it is compound.  Further, Defendant objects to this request on the grounds that it is vague and ambiguous, both generally and specifically with respect to "EMTALA Compliance Integrity Program Course" and as to time.  In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  Additionally, said request seeks a premature disclosure of expert opinions.  However, without waiving said objections, and subject to them, Defendant responds as follows:  Defendant is without sufficient knowledge or information to admit or deny the request, and therefore on that basis, Defendant denies the request.  Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

**REQUEST NO. 63:**

The EMTALA Compliance Integrity Program Course states, "An Emergency Medical Condition includes any of the following conditions:

-Acute symptoms requiring immediate medical attention in order to prevent:

-Serious jeopardy to the life of the patient or unborn child;

-Serious impairment to the patient's bodily functions; or

-Serious dysfunction of any body or organ or part;

-Serious psychiatric disturbance, for example, the patient is a danger to others or to himself or herself;

///

1    -Symptoms of substance abuse;

2    -Severe pain of any nature.

3  **RESPONSE TO REQUEST NO. 63:**

4    Defendant objects to this request on the grounds that it is compound.  Further,

5  Defendant objects to this request on the grounds that it is vague and ambiguous, both

6  generally and specifically with respect to "EMTALA Compliance Integrity Program

7  Course" and as to time.  In addition, said request potentially seeks to violate the

8  attorney-client and/or work-product privileges as well as seeks information that is not

9  likely to lead to the discovery of admissible evidence.  Said request also potentially

10  seeks to violate California Evidence Code Section 1157 and the Patient Safety and

11  Quality Improvement Act of 2005 (PSQIA).  Additionally, said request seeks a

12  premature disclosure of expert opinions.  However, without waiving said objections,

13  and subject to them, Defendant responds as follows:  Defendant is without sufficient

14  knowledge or information to admit or deny the request, and therefore on that basis,

15  Defendant denies the request.  Discovery is continuing and Defendant reserves the

16  right to introduce and use such evidence as may be later discovered.

17  REQUEST NO. 64:

18    On December 10, 2008, Defendant had knowledge Plaintiff had an Emergency

19  Medical Condition of 'severe pain'.

20  **RESPONSE TO REQUEST NO. 64:**

21    Defendant objects to this request on the grounds that it is vague and ambiguous,

22  both generally and specifically with respect to "Emergency Medical Condition" and

23  "severe pain."  In addition, said request potentially seeks to violate the attorney-client

24  and/or work-product privileges as well as seeks information that is not likely to lead to

25  the discovery of admissible evidence.  Said request also potentially seeks to violate

26  California Evidence Code Section 1157 and the Patient Safety and Quality

27  Improvement Act of 2005 (PSQIA).  Additionally, said request seeks a premature

28  disclosure of expert opinions.  Finally, said request misstates the evidence.  However,

1  without waiving said objections, and subject to them, Defendant responds as follows:

2  Deny.  Discovery is continuing and Defendant reserves the right to introduce and use

3  such evidence as may be later discovered.

4  REQUEST NO. 65:

5        On December 10, 2008, Defendant had knowledge, as evidence by Dr. Lipman's

6  statement in the ED records, that Plaintiff's presenting complaint of pain was not

7  chronic, but acute post-surgical pain, "After the surgery the previous pain and nausea

8  resolved, but since then the patient has had uncontrolled superficial burning, sharp

9  pain...Last week she had an umbilical nerve block was done (sic) and the pain has

10  been worse since then."

11  **RESPONSE TO REQUEST NO. 65:**

12        Defendant objects that this request is compound.  Further, Defendant objects to

13  this request on the grounds that it is vague and ambiguous.  In addition, said request

14  potentially seeks to violate the attorney-client and/or work-product privileges as well as

15  seeks information that is not likely to lead to the discovery of admissible evidence.

16  Said request also potentially seeks to violate California Evidence Code Section 1157

17  and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  Additionally, said

18  request seeks a premature disclosure of expert opinions.  Finally, said request

19  misstates the evidence.  However, without waiving said objections, and subject to

20  them, Defendant responds as follows:  Deny.  Discovery is continuing and Defendant

21  reserves the right to introduce and use such evidence as may be later discovered.

22  REQUEST NO. 66:

23        SHC had knowledge Plaintiff had an Emergency Medical Condition that caused

24  'serious dysfunction of a body part' and was unable to walk because of the pain.

25  **RESPONSE TO REQUEST NO. 66:**

26        Defendant objects that this request is compound.  Further, Defendant objects to

27  this request on the grounds that it is vague and ambiguous, both generally and

28  specifically with respect to time.  In addition, said request potentially seeks to violate

DEFENDANT STANFORD HEALTH CARE'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE

1  the attorney-client and/or work-product privileges as well as seeks information that is

2  not likely to lead to the discovery of admissible evidence.  Said request also potentially

3  seeks to violate California Evidence Code Section 1157 and the Patient Safety and

4  Quality Improvement Act of 2005 (PSQIA).  Additionally, said request seeks a

5  premature disclosure of expert opinions.  Finally, said request misstates the evidence.

6  However, without waiving said objections, and subject to them, Defendant responds

7  as follows:  Deny.  Discovery is continuing and Defendant reserves the right to

8  introduce and use such evidence as may be later discovered.

9  REQUEST NO. 67:

10       Plaintiff was discharged and directed to wait for outpatient pain clinic

11  appointment scheduled for January 13, 2009.

12  **RESPONSE TO REQUEST NO. 67:**

13       Defendant objects that this request is compound.  Further, Defendant objects to

14  this request on the grounds that it is vague and ambiguous, both generally and

15  specifically with respect to time.  In addition, said request potentially seeks to violate

16  the attorney-client and/or work-product privileges as well as seeks information that is

17  not likely to lead to the discovery of admissible evidence.  Said request also potentially

18  seeks to violate California Evidence Code Section 1157 and the Patient Safety and

19  Quality Improvement Act of 2005 (PSQIA).  Additionally, said request seeks a

20  premature disclosure of expert opinions.  Finally, said request misstates the evidence.

21  However, without waiving said objections, and subject to them, Defendant responds

22  as follows:  Deny.  Discovery is continuing and Defendant reserves the right to

23  introduce and use such evidence as may be later discovered.

24  REQUEST NO. 68:

25       Defendant knowingly discharged Plaintiff in an unstable condition of severe

26  pain of unknown cause and directed Plaintiff to wait approximately 5 weeks for care at

27  the outpatient pediatric pain clinic.

28  / / /

**RESPONSE TO REQUEST NO. 68:**

Defendant objects that this request is compound.  Further, Defendant objects to this request on the grounds that it is vague and ambiguous, both generally and specifically with respect to time.  In addition, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  Said request also potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  Additionally, said request seeks a premature disclosure of expert opinions.  Finally, said request misstates the evidence.  However, without waiving said objections, and subject to them, Defendant responds as follows:  Deny.  Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

Dated:        August 13, 2021

SCHUERING ZIMMERMAN & DOYLE, LLP

By _____
CAROLYN L. NORTHROP
Attorneys for Defendant, STANFORD
HEALTH CARE

## VERIFICATION

I, the undersigned, declare as follows:

I am a representative of STANFORD HEALTH CARE, a party to the action entitled *Pauly v. Stanford, et al.*, and in such capacity am authorized to sign this Verification of the foregoing DEFENDANT STANFORD HEALTH CARE'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE on behalf of said party. The information set forth in said response was gathered and collated by persons regularly in the employ of STANFORD HEALTH CARE, said persons acting throughout pursuant to the instructions of the undersigned with reference to the gathering and collation of such material. Said persons have reported to the undersigned that information contained in said response prepared as aforesaid, is true and correct and/or truly and correctly reflects the contents of the records of STANFORD HEALTH CARE with respect to the subject matter of said interrogatories.

WHEREFORE, the undersigned states that I am informed and believe that said responses are true and correct according to and based upon information transmitted to the undersigned as aforesaid. I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed on ____August 11, 2021____, at Stanford, California.

*Michael H. Bazzi*

_____
Michael H. Bazzi, J.D.
Claims Manager, The Risk Authority Stanford

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Proof of Service by UPS Ground Delivery - Civil

[Code of Civ. Proc. §§ 1011, 1013, 1013a, 2015.5, CRC 10.503, 2.100-2.119]

I, Angelina M. Felo, declare:

At the time of service, I was over 18 years of age and not a party to this action. My business address is: **400 University Avenue, Sacramento, California 95825**.

On August 13, 2021, I served the following documents:

DEFENDANT STANFORD HEALTH CARE'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE

**By UPS Ground Delivery:** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses given below and placed the envelope for collection and ground delivery at an office or a regularly utilized drop box of UPS, following our ordinary business practices.  I am a resident or employed in the county where the shipment occurred.  The envelope or package was placed for shipment at **Sacramento, California.**

I served the documents on the persons addressed as follows:

| Attorney | Representing | Phone/Fax/E-Mail |
|---|---|---|
| Makenzie Pauly<br>1840 41st Street, Ste. 102-386<br>Capitola, CA 95010 | Plaintiff in Pro Per | Phone:  **(831) 212-4118**<br>Email:<br>paulytwo.0@gmail.com |

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct, and that this declaration was executed on August 13, 2021, at Sacramento, California.

_Angelina M. Felo_
Angelina M. Felo
2127-12450

# <u>Meet and Confer Letter Re: Request for Admissions</u>
August 24, 2021

1840 41st Ave. Ste. 102-386
Capitola, CA 95010
(831) 212-4118
paulytwo.0@gmail.com

Carolyn Northrop
400 University Ave.
Sacramento, CA 95825-6502

Re: Pauly v. Stanford Health Care 18-cv-05387-SI

Dear Carolyn,

I have received Defendant SHC's Responses to Plaintiffs Request for Admissions, Set One sent on August 13, 2021. I am writing to meet and confer about these responses. This letter shall serve as my initial attempt to meet and confer as required by Judge Illston's Standing Orders regarding discovery disputes.

Below, I have included my objections with supporting citations in hope that we can reach an amicable resolution in this discovery dispute without the need for Court intervention. Defendant's responses were deficient for the following reasons:

Defendant stated that their answers were made in good faith, however, I sent a total of 68 Requests for Admissions to Defendant in Set One and Defendant has objected to all 68 requests, offering a total of 578 objections.

Defendant also stated that their answers were based on information, "presently available to and specifically known to this responding party…" However, Defendant is in possession of all the relevant medical records, and I have provided copies of any other data needed to admit or deny my request.

Specifically, Defendant's Request for Admission (RFA) answers #52, #53 and #57 are deficient and I am requesting amended answers for each.

Defendant objects to these requests on the basis that I "misstated the evidence":
RFA #52, "*Dr. Grant Lipman has received patient complaints involving denial of care in the SHC, prior to Plaintiff's incident.*"
RFA#53, "*Dr. Grant Lipman has received patient complaints involving denial of care in the SHC ED, after Plaintiff's incident*."

Clearly, I did not reference a single piece of evidence, therefore, Defendant's objections that I misstated the evidence are groundless. Defendant's refusal to answer RFA #52 and #53 is unacceptable.

Defendant also objects on the basis that these requests seek information from expert opinions. These requests do not seek any medical information at all, and therefore, do not require expert opinions to answer.

Defendant additionally objected on the basis that the requests violate peer review privilege laws (specifically, CEC§1157 and PSQIA). These objections are irrelevant and unacceptable because EMALA is a federal law and federal discovery rules apply. There is no peer review privilege in federal court, "Peer review privilege is not recognized under federal law. *Agster v. Maricopa County*, 422 F.3d 836, 839 (9th Cir. 2005) ("No case in this circuit has recognized the [medical peer review] privilege"; declining to find or create a federal peer review privilege when "Congress has twice had occasion and opportunity to consider the privilege and not granted it either explicitly or by implication")." *Love v Permanente* c-12-05679 DMR (re Dkt 58, Aug. 15,2013, N.D. Cal.) Therefore, please amend Defendant's answers to RFA #52 and #53 in good faith.

Defendant has also failed to answer RFA #57:

RFA #57, "*Please authenticate the print-out of SHC's Emergency Medical Treatment and Labor Act (EMTALA) Code of Conduct, Compliance Integrity Program Course. (See EXHIBIT A, P. A-9 – A-35).*"

Defendant objected to this request on the basis that it violates FRCP Rule 36 (a)(1)(A). FRCP Rule 36 (a)(1)(A) refers to requests concerning, "facts, the application of law to fact, or opinions about either", and therefore is not applicable, since the request is clearly not seeking information about facts, opinions, or laws. RFA #57 is asking Defendant to authenticate a document and therefore, FRCP Rule 36 (a)(1)(B) is the applicable rule as it allows questions relating to, "the genuineness of any described documents." Please admit or deny RFA #57, as this request is seeking relevant information that is likely to lead to the discovery of admissible evidence.

Please let me know if Defendant will be providing amended answers or if they would like to continue this meet and confer regarding this discovery dispute.

Best Regards,

*Makenzie Pauly*

Makenzie Pauly

## SCHUERING ZIMMERMAN
## & DOYLE, LLP

### Attorneys at Law

400 University Avenue
Sacramento, CA 95825-6502
(916) 567-0400
FAX: 568-0400
Website: *www.szs.com*

Leo H. Schuering, Jr.
Robert H. Zimmerman
Thomas J. Doyle•
Lawrence Scott Giardina•
Keith D. Chidlaw
Kat Todd
Chad C. Couchot•
Sarah C. Gosling
Daniela P. Stoutenburg
Damon T. Appelblatt
Alaina T. Dickens
Thomas M. Gray
Carolyn L. Northrop
Ian A. Scharg
Mandy L. Sims
David J. Van Dam

*Of Counsel:*
Theodore D. Poppinga

*Also admitted in Nevada

Steven T. Scully (1948-1994)

August 31, 2021

### *Via E-mail and U.S. Mail*
Makenzie Pauly
1840 41st Street, Ste. 102-386
Capitola, CA 95010

Re:    Pauly v. Stanford Health Care

Dear Ms. Pauly:

I am writing in response to your meet and confer letter regarding SHC's Responses to your Requests for Admission, Set One, specifically Nos. 52, 53, and 57.

With respect to Requests numbers 52 and 53, SHC disagrees with your assertion that no peer review privilege applies in Federal Court. First, all of the objections raised by Defendant are raised in order to not waive them. However, specifically with respect to these requests, the Patient Safety and Quality Improvement Act of 2005 (PSQIA) not only applies in Federal cases, but is Federal law itself. The requests specifically seek information protected by the PSQIA and therefore, Defendant's objections in this regard are valid and no further response will be forthcoming.

With respect to Request number 57, attached please find Defendant's Further Responses.

If you have any questions, or wish to discuss it further, please feel free to contact me.

Very truly yours,

**SCHUERING ZIMMERMAN**
**& DOYLE, LLP**

Carolyn L. Northrop

CLN:amf
Enclosure
2127-12450\01381896.WPD

Carolyn L. Northrop - SBN: 237989
SCHUERING ZIMMERMAN & DOYLE, LLP
400 University Avenue
Sacramento, California 95825-6502
(916) 567-0400
FAX: 568-0400

Attorneys for Defendant, STANFORD HEALTH CARE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAKENZIE PAULY, | NO. 5:18-CV-05387-SI |
| Plaintiff | DEFENDANT STANFORD HEALTH CARE'S FURTHER RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE |
| vs. | |
| STANFORD HEALTH CARE, | |
| Defendant. | Complaint Filed:    08/31/18<br>Trial Date:          Not Scheduled |

PROPOUNDING PARTY:    Plaintiff, MAKENZIE PAULY

RESPONDING PARTY:    Defendant, STANFORD HEALTH CARE

SET NUMBER:              ONE

It should be noted that this responding party has not fully completed the investigation of the facts relating to this case, has not fully completed the discovery in this action, and has not completed preparation for trial.

All of the responses contained herein are based only upon such information and documents which are presently available to and specifically known to this responding party and disclose only those contentions which presently occur to such responding party. It is anticipated that further discovery, independent investigations, legal research and analysis will supply additional facts, add meaning to the known facts, as well as

establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to changes in, and variations from the contentions herein set forth.

The following responses are given without prejudice to the responding party's right to produce evidence of any subsequently discovered fact or facts which this responding party may later recall.

Responding party accordingly reserves the right to change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are made.

The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known, but should in no way be to the prejudice of the answering party in relation to further discovery, research and analysis.

These responses bear the same number as the request being answered.

Responding party objects specifically to the definition of "INCIDENT" as it appears in this action.  Said term is vague and ambiguous. Without waiving said objection and subject thereto, Defendant responds as follows:

**A.    Admit that each of the following statements is true:**

REQUEST NO. 57:

Please authenticate the print-out of SHC's Emergency Medical Treatment and Labor Act (EMTALA) Code of Conduct, Compliance Integrity program Course.  (See EXHIBIT A, P. A-9 – A-35)

**RESPONSE TO REQUEST NO. 57:**

Defendant objects on the grounds that this request is vague and ambiguous.  In addition, said request seeks an improper legal conclusion.  Further, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.

/ / /

1  Finally, said request is not in accordance with Federal Rules of Civil Procedure, Rule
2  36(a)(1)(A) and is therefore an improper request.

3  ***FURTHER RESPONSE TO REQUEST NO. 57:***

4        Defendant objects on the grounds that this request is vague and ambiguous.  In
5  addition, said request seeks an improper legal conclusion.  Further, said request
6  potentially seeks to violate the attorney-client and/or work-product privileges as well as
7  seeks information that is not likely to lead to the discovery of admissible evidence.
8  Finally, said request is not in accordance with Federal Rules of Civil Procedure, Rule
9  36(a)(1)(A) and is therefore an improper request.  However, without waiving said
10 objections, and subject to them, Defendant responds as follows:  Defendant admits
11 that the undated, unauthored, power point presentation is a current document found
12 on SHC's website; however, Defendant cannot admit whether such document existed
13 and/or was in effect in December 2008.

14 Dated:      August 31, 2021

SCHUERING ZIMMERMAN & DOYLE, LLP


By   *Carol D. Northrop*
    CAROLYN L. NORTHROP
    Attorneys for Defendant, STANFORD
    HEALTH CARE

DEFENDANT STANFORD HEALTH CARE'S FURTHER RESPONSES TO PLAINTIFF'S REQUEST FOR
ADMISSIONS, SET ONE

## VERIFICATION

I, the undersigned, declare as follows:

I am a representative of STANFORD HEALTH CARE, a party to the action entitled *Pauly v. Stanford, et al.*, and in such capacity am authorized to sign this Verification of the foregoing DEFENDANT STANFORD HEALTH CARE'S FURTHER RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE on behalf of said party.   The information set forth in said response was gathered and collated by persons regularly in the employ of STANFORD HEALTH CARE, said persons acting throughout pursuant to the instructions of the undersigned with reference to the gathering and collation of such material.  Said persons have reported to the undersigned that information contained in said response prepared as aforesaid, is true and correct and/or truly and correctly reflects the contents of the records of STANFORD HEALTH CARE with respect to the subject matter of said interrogatories.

WHEREFORE, the undersigned states that I am informed and believe that said responses are true and correct according to and based upon information transmitted to the undersigned as aforesaid.  I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed on ____August 31, 2021____, at Stanford, California.

*Michael H. Bazzi*
_____
Michael H. Bazzi, J.D.
Claims Manager, The Risk Authority Stanford

## Proof of Service by Mail - Civil

[Code of Civ. Proc. §§ 1011, 1013, 1013a, 2015.5, CRC 10.503, 2.100-2.119]

I, Angelina M. Felo, declare:

At the time of service, I was over 18 years of age and not a party to this action. My business address is: 400 University Avenue, Sacramento, California 95825.

On August 31, 2021, I served the following documents:

DEFENDANT STANFORD HEALTH CARE'S FURTHER RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE

By United States mail: I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses given below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sacramento, California.

I served the documents on the persons addressed as follows:

| Attorney | Representing | Phone/Fax/E-Mail |
|---|---|---|
| Makenzie Pauly<br>1840 41st Street, Ste. 102-386<br>Capitola, CA 95010 | Plaintiff in Pro Per | Phone: **(831) 212-4118**<br>Email:<br>paulytwo.0@gmail.com |

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct, and that this declaration was executed on August 31, 2021, at Sacramento, California.

Angelina M. Felo
2127-12450

Carolyn L. Northrop - SBN: 237989
SCHUERING ZIMMERMAN & DOYLE
400 University Avenue
Sacramento, California 95825-6502
(916) 567-0400
FAX: 568-0400

Attorneys for Defendant, STANFORD HEALTH CARE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAKENZIE PAULY,<br><br>                    Plaintiff<br><br>vs.<br><br>STANFORD HEALTH CARE,<br><br>                    Defendant. | NO. 5:18-CV-05387-SI<br><br>DEFENDANT STANFORD HEALTH CARE'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE<br><br>Complaint Filed:    08/31/18<br>Trial Date:         Not Scheduled |

PROPOUNDING PARTY:    Plaintiff, MAKENZIE PAULY

RESPONDING PARTY:    Defendant, STANFORD HEALTH CARE

SET NUMBER:          ONE

It should be noted that this responding party has not fully completed the investigation of the facts relating to this case, has not fully completed the discovery in this action, and has not completed preparation for trial.

All of the responses contained herein are based only upon such information and documents which are presently available to and specifically known to this responding party and disclose only those contentions which presently occur to such responding party. It is anticipated that further discovery, independent investigations, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead

to substantial additions to changes in, and variations from the contentions herein set forth.

The following responses are given without prejudice to the responding party's right to produce evidence of any subsequently discovered fact or facts which this responding party may later recall.

Responding party accordingly reserves the right to change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are made.

The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known, but should in no way be to the prejudice of the answering party in relation to further discovery, research and analysis.

These responses bear the same number as the request being answered.

Responding party objects specifically to the definition of "INCIDENT" as it appears in this action.  Said term is vague and ambiguous. Without waiving said objection and subject thereto, Defendant responds as follows:

REQUEST NO. 1:

Please produce a copy of SHC and LPCH's written Policies and Procedures for pediatric patients presenting to the ED with abdominal pain.

**RESPONSE TO REQUEST NO. 1:**

Defendant objects to this request on the grounds that it is compound, vague, ambiguous, overbroad, and burdensome as phrased, both generally and specifically with respect to "patients presenting to the ED with abdominal pain."  Further, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  Lastly, said request potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  However, without waiving said objections, and subject to them, and to the extent that

Defendant understands the request, Defendant responds as follows: Defendant, SHC, cannot produce policies and procedures of a non-party (LPCH). Defendant, SHC, is making reasonable efforts to determine if any responsive policies and procedures that were in effect in December 2008 still exist and will produce them should they be found. Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 2:

Please produce a copy of SHC and LPCH's written Policies and Procedures for pediatric patients presenting to the ED with pain symptoms.

**RESPONSE TO REQUEST NO. 2:**

Defendant objects to this request on the grounds that it is compound, vague, ambiguous, overbroad, and burdensome as phrased, both generally and specifically with respect to "patients presenting to the ED with pain symptoms." Further, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence. Lastly, said request potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA). However, without waiving said objections, and subject to them, and to the extent that Defendant understands the request, Defendant responds as follows: Defendant, SHC, cannot produce policies and procedures of a non-party (LPCH). Defendant, SHC, is making reasonable efforts to determine if any responsive policies and procedures that were in effect in December 2008 still exist and will produce them should they be found. Therefore, no documents will be produced. Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

///

///

///

DEFENDANT STANFORD HEALTH CARE'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

REQUEST NO. 3:

Please produce copies of redacted third-party ED medical records, for pediatric patients who presented to the ED with abdominal pain and/or other pain conditions during the time period November 1, 2008, and January 31, 2009.

**RESPONSE TO REQUEST NO. 3:**

Defendant objects to this request on the grounds that it is compound, vague, ambiguous, overbroad, and burdensome as phrased, both generally and specifically with respect to "abdominal pain and/or other pain conditions." Further, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence. In addition, said request potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA). Finally, said request specifically violates the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and the California Confidentiality of Medical Information Act (Civil Code Section 56.10). Simply accessing any patients' records other than the Plaintiff's records in this action in order to review them for the symptoms the patient presented with and to redact them violates both HIPAA and CMIA.

REQUEST NO. 4:

Please produce a census report for Stanford Health and Lucille Packard Children's Hospital (including Palo Alto, Mountain View, and other related facilities) for the time period of December 7, 2008, through December 10, 2008, that includes same day admissions/discharges and inter-hospital and intra-hospital transfers.

**RESPONSE TO REQUEST NO. 4:**

Defendant objects to this request on the grounds that it is compound, vague, ambiguous, overbroad, and burdensome as phrased. Further, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence. In addition, said request potentially seeks to violate California Evidence Code Section

1   1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  However,

2   without waiving said objections, and subject to them, Defendant responds as follows:

3   any census information for SHC is irrelevant in this matter as SHC census information

4   would only apply to adult patients.  Further, SHC is not in possession of any census

5   information for LPCH, which is not a party to this action.  Therefore, no documents can

6   be produced.  Discovery is continuing and Defendant reserves the right to introduce

7   and use such evidence as may be later discovered.

8   REQUEST NO. 5:

9        Please provide a complete and accurate copy of the EMTALA Central Log,

10  mentioned in the EMTALA Compliance Integrity Program Course, for Plaintiff's visit to

11  the ED on December 10, 2008.

12  **RESPONSE TO REQUEST NO. 5:**

13       Defendant objects to this request on the grounds that it is compound, vague,

14  ambiguous, overbroad, and burdensome as phrased, both generally and specifically

15  with respect to "EMTALA Central Log."  Further, said request potentially seeks to

16  violate the attorney-client and/or work-product privileges as well as seeks information

17  that is not likely to lead to the discovery of admissible evidence.  In addition, said

18  request potentially seeks to violate California Evidence Code Section 1157 and the

19  Patient Safety and Quality Improvement Act of 2005 (PSQIA).  However, without

20  waiving said objections, and subject to them, Defendant responds as follows:

21  Defendant is unable to ascertain the specific documents that Plaintiff is seeking as

22  Defendant is unaware of the existence of any documents responsive to this request.

23  Discovery is continuing and Defendant reserves the right to introduce and use such

24  evidence as may be later discovered.

25  REQUEST NO. 6:

26       Please produce a complete and accurate copy of the EMTALA Central Log

27  mentioned in The EMTALA Compliance Integrity Program Course, for all pediatric visits

28

to the SHC ED for the month of December 2008 for pediatric patients that came to the ED requesting care for abdominal pain.

**RESPONSE TO REQUEST NO. 6:**

Defendant objects to this request on the grounds that it is compound, vague, ambiguous, overbroad, and burdensome as phrased, both generally and specifically with respect to "EMTALA Central Log" and "abdominal pain."  Further, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  In addition, said request potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  However, without waiving said objections, and subject to them, Defendant responds as follows: Defendant is unable to ascertain the specific documents that Plaintiff is seeking as Defendant is unaware of the existence of any documents responsive to this request. Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

REQUEST NO. 7:

Please produce complete copies of phone logs for calls made to and from, on-call physicians by SHC ED physician, Dr. Grant Lipman, on the night of December 10, 2008, regarding Plaintiff.

**RESPONSE TO REQUEST NO. 7:**

Defendant objects to this request on the grounds that it is compound, vague, ambiguous, overbroad, and burdensome as phrased.  Further, said request potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  In addition, said request potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  However, without waiving said objections, and subject to them, Defendant responds as follows: Defendant is unaware of the existence of any documents responsive to this request.

1  Discovery is continuing and Defendant reserves the right to introduce and use such

2  evidence as may be later discovered.

3  <u>REQUEST NO. 8:</u>

4      Please produce complete copies of phone logs for calls made to on-call

5  physicians during the time of November 1, 2008, and January 31, 2009, regarding third-

6  party pediatric patients presenting with abdominal pain and/or other severe pain

7  symptoms.

8  **<u>RESPONSE TO REQUEST NO. 8:</u>**

9      Defendant objects to this request on the grounds that it is compound, vague,

10  ambiguous, overbroad, and burdensome as phrased.  Further, said request potentially

11  seeks to violate the attorney-client and/or work-product privileges as well as seeks

12  information that is not likely to lead to the discovery of admissible evidence.  In

13  addition, said request potentially seeks to violate California Evidence Code Section

14  1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).  However,

15  without waiving said objections, and subject to them, Defendant responds as follows:

16  Defendant is unaware of the existence of any documents responsive to this request.

17  Discovery is continuing and Defendant reserves the right to introduce and use such

18  evidence as may be later discovered.

19  <u>REQUEST NO. 9:</u>

20      Please produce any reports, files or reviews that refer or relate to Plaintiff's

21  transfer request and/or ED visit on December 10, 2008, including, but not limited to,

22  any incidence reports, quality assurance reports, and peer review reports.  (Federal

23  Courts do not recognize California State peer review privilege-FRE 501 – *Gutierrez v.*

24  *Santa Rosa Memorial Hospital*, Case No. 16-cv-02645-SI Re: Dkt. 41.  March 14, 2017 N.

25  Cal. 2017 and *Love v. Permanente Med. Grp.* C-12-05679 Dkt. 58)

26  **<u>RESPONSE TO REQUEST NO. 9:</u>**

27      Defendant objects to this request on the grounds that it is compound, vague,

28  ambiguous, overbroad, and burdensome as phrased.  Further, said request potentially

seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  In addition, said request potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).

REQUEST NO. 10:

Please produce Plaintiff's electronic medical records in a searchable PDF/TIFF format with a load file for [Summation, Concordance, etc] including ALL accompanying metadata.  PLEASE DUPLICATE THE RESPONSIVE ELECTRONICALLY STORED INFORMATION BEFORE IT IS PRODUCED.

**RESPONSE TO REQUEST NO. 10:**

Defendant objects to this request on the grounds that it is compound, vague, ambiguous, overbroad, and burdensome as phrased.  Further, said request potentially seeks to violate the attorney-client and/or work-product privileges. Further, Plaintiff's instructions within said request is not a proper discovery request.  However, without waiving said objections, and subject to them, Defendant responds as follows: Defendant is unable to produce said records in the format requested.  Attached hereto as Exhibit "A" is a PDF copy of Plaintiff's records, produced in the format in which the records are maintained.  Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

Dated:        August 13, 2021

SCHUERING ZIMMERMAN & DOYLE, LLP

By _____
CAROLYN L. NORTHROP
Attorneys for Defendant, STANFORD
HEALTH CARE

## VERIFICATION

I, the undersigned, declare as follows:

I am a representative of STANFORD HEALTH CARE, a party to the action entitled *Pauly v. Stanford, et al.*, and in such capacity am authorized to sign this Verification of the foregoing DEFENDANT STANFORD HEALTH CARE'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE on behalf of said party.  The information set forth in said response was gathered and collated by persons regularly in the employ of STANFORD HEALTH CARE, said persons acting throughout pursuant to the instructions of the undersigned with reference to the gathering and collation of such material.  Said persons have reported to the undersigned that information contained in said response prepared as aforesaid, is true and correct and/or truly and correctly reflects the contents of the records of STANFORD HEALTH CARE with respect to the subject matter of said interrogatories.

WHEREFORE, the undersigned states that I am informed and believe that said responses are true and correct according to and based upon information transmitted to the undersigned as aforesaid.  I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed on ___August 11, 2021___, at Stanford, California.

*Michael H. Bazzi*
Michael H. Bazzi, J.D.
Claims Manager, The Risk Authority Stanford

DEFENDANT STANFORD HEALTH CARE'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

1

## **Proof of Service by UPS Ground Delivery - Civil**

2

[Code of Civ. Proc. §§ 1011, 1013, 1013a, 2015.5, CRC 10.503, 2.100-2.119]

3

I, Angelina M. Felo, declare:

4

At the time of service, I was over 18 years of age and not a party to this action.

5

My business address is: **400 University Avenue, Sacramento, California 95825**.

6

On August 13, 2021, I served the following documents:

7

DEFENDANT STANFORD HEALTH CARE'S RESPONSES TO PLAINTIFF'S

8

REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

9

**By UPS Ground Delivery:** I enclosed the documents in a sealed envelope or

10

package addressed to the persons at the addresses given below and placed the

11

envelope for collection and ground delivery at an office or a regularly utilized drop box

12

of UPS, following our ordinary business practices.  I am a resident or employed in the

13

county where the shipment occurred.  The envelope or package was placed for

14

shipment at **Sacramento, California.**

15

I served the documents on the persons addressed as follows:

16

| Attorney | Representing | Phone/Fax/E-Mail |
|---|---|---|
| Makenzie Pauly
1840 41st Street, Ste. 102-386
Capitola, CA 95010 | Plaintiff in Pro
Per | Phone:  **(831) 212-4118**
Email:
paulytwo.0@gmail.com |

17

18

19

20

I declare under penalty of perjury, under the laws of the State of California, that

21

the foregoing is true and correct, and that this declaration was executed on August 13,

22

2021, at Sacramento, California.

23

24

Angelina M. Felo
2127-12450

25

26

27

28

# <u>Meet and Confer Letter Re: Request for Production of Doc.</u>
August 24, 2021

1840 41st Ave. Ste. 102-386
Capitola, CA 95010
(831) 212-4118
paulytwo.0@gmail.com


Carolyn Northrop
400 University Ave.
Sacramento, CA 95825-6502

Re: Pauly v. Stanford Health Care 18-cv-05387-SI

Dear Carolyn,

I have received Defendant SHC's Responses to Plaintiffs Request for Production of Documents (RFP), Set One sent on August 13, 2021. I am writing to meet and confer about these responses. This letter shall serve as my initial attempt to meet and confer as required by Judge Illston's Standing Orders regarding discovery disputes.

Below, I have included my objections with supporting citations in hope that we can reach an amicable resolution in this discovery dispute, without the need for Court intervention. Defendant's responses were deficient for the following reasons:

I sent a total of 10 Requests for Production of Documents to Defendant in Set One and Defendant has objected to all 10 requests offering a total of 110 objections.

Defendant has refused to provide the information as requested and the objection they provided for such refusals are insufficient.

<u>RFP #1 and #2</u> seeks written policies and procedures that are ESSENTIAL to my claims and required to demonstrate whether I was treated in compliance with, or contrary to SHC's policy and procedure. This Circuit has held that policies and procedures are imperative in determining EMTALA violations, "[A] hospital fulfills the `appropriate medical screening'; requirement when it conforms in its treatment of a particular patient to its standard screening procedures." At 1256 (quotations and citations omitted)" *Jackson v. East Bay Hosp*. 246 F.3d 1248 (9th Cir. 2001).

Therefore, these requests are highly relevant and are likely to lead to the discovery of admissible evidence.

<u>RFP #3</u> requests copies of third-party medical records of similarly situated pediatric patients in order to determine whether I was treated the same or differently.

Defendant's objection that this request violates HIPAA and CMIA has no merit. Case law allows plaintiffs to view other patients records in EMTALA cases, "A plaintiff must therefore present evidence that the hospital treated the plaintiff differently than any other patient who came to the emergency department with similar injuries and symptoms." Gonzalez, 2009 WL 1025543, at * 3. "In meeting this burden, a plaintiff may "look to sources other than the express standard policies of [the hospital] in attempting to show that the screening [the hospital] gave . . . was different than the screening it would have offered to other patients." Gonzalez, 2009 WL 1025543, at * 3. "Since a relevant inquiry to Plaintiff's EMTALA claim is whether Plaintiff was screened differently than other patients, . . . a discovery request seeking medical records of patients presenting to the emergency department with similar injuries and symptoms" may be appropriate under Fed. R. Civ. P. 26(b)(1). Gonzalez, 2009 WL 1025543, at * 3 (citing Southard v. United Reg'l Health Care Sys., Inc., 245 F.R.D. 257, 260 (N.D. Tex. 2007) ("Necessarily, a comparison must be made between or among the symptoms presented by [the patient], the tests run and the diagnoses made as compared to other patients. . . .))." *Etter v Bibby* 10-cv-00557, Memorandum Opinion and Order, Dkt. 75, p. 9-10.

Specifically, the Court in this circuit has held that an appropriate medical screening exam is when it is comparable to other patients with similar symptoms, "In keeping with the purpose of the statute, we have held that a screening is "appropriate" within the meaning of EMTALA if it: provides a patient with an examination comparable to the one offered to other patients presenting similar symptoms, unless the examination is so cursory that it is not "designed to identify acute and severe symptoms that alert the physician of the need for immediate medical attention to prevent serious bodily injury." *Jackson*, 246 F.3d at 1256, quoting *Eberhardt*, 62 F.3d at 1257." *Baker v. Adventist* 260 F.3d 987 (9th Cir. 2001)

Therefore, please produce the requested records from RFP #3 as this request is highly relevant and is likely to lead to the discovery of admissible evidence.

RFP #4 requests census reports to determine whether Defendant had the capacity to accept a patient in transfer on the dates in question

Defendant has objected to this request on the basis that the information is irrelevant, stating that SHC's census reports would only have adult records and because Defendant is not in possession of census reports for LPCH. However, LPCH is SHC's children's hospital and are affiliates according to their Consolidated Financial Statements. LPCH's full name is Lucille Salter Packard Children's Hospital **at Stanford**. SHC does not have a separate pediatric hospital outside of LPCH and SHC has LPCH pediatricians in SHC's ED and on-call roster. Additionally, Dr, Bernard Dannenberg is listed online as "Director, Pediatric Emergency Department, Stanford University, LPCH (2004 - Present)" and he, along with Shira Mowlem (SHC Risk Management) responded to my parents' transfer inquiries in their letters. In addition, if there was any relevant legal distinction, that objection has been waived as SHC has responded to claims concerning LPCH for over a decade. This objection has no merit.

Please produce these documents as this request is highly relevant and is likely to lead to the discovery of admissible evidence.

RFP #5 and #6 request copies of SHC's EMTALA required central log.

Defendant objects to these requests on the basis that SHC is unaware of the EMTALA Central Log is unacceptable. In the State Operations Manual, Interpretive Guidelines for EMTALA Section 489.20(r)(3) requires that each participating hospital has the responsibility to keep a Central Log for each patient presenting to the ED:

"- A central log on each individual who ―comes to the emergency department, as defined in §489.24(b), seeking assistance and whether he or she refused treatment, was refused treatment, or whether he or she was transferred, admitted and treated, stabilized and transferred, or discharged. Interpretive Guidelines: §489.20(r)(3) The purpose of the central log is to track the care provided to each individual who comes to the hospital seeking care for an emergency medical condition. Each hospital has the discretion to maintain the log in a form that best meets the needs of the hospital. The central log includes, directly or by reference, patient logs from other areas of the hospital that may be considered dedicated emergency departments, such as pediatrics and labor and delivery where a patient might present for emergency services or receive a medical screening examination instead of in the "traditional" emergency department. These additional logs must be available in a timely manner for surveyor review. The hospital may also keep its central log in an electronic format. Review the emergency department log covering at least a 6-month period that contains information on all individuals coming to the emergency department and check for completeness, gaps in entries or missing information."

In SHC's EMTALA Code of Conduct, published online, that I provided in Request for Admissions EXHIBIT A. Page 12 of the document states that Defendant is required to have a Central Log in keeping with EMTALA interpretive guidelines:

"EMTALA Central Log EMTALA requires that every patient who comes to the SHC ED or SCH L&D be included in the Central Log. The Central Log entry will contain the following minimum information for each patient: The name of the individual, and the disposition of the individual, including: Whether the individual left without a medical screening examination; Whether the individual received a medical screening examination but left without receiving/completing treatment (left Against Medical Advice); Whether the individual was treated and discharged; Whether the individual was treated and admitted as an inpatient; Whether the individual was stabilized and transferred; Whether the individual was not stabilized and transferred to another hospital; Whether the individual was refused treatment."

The information in this Central Log is highly relevant to this case and is likely to lead to the discovery of admissible evidence. Please produce SHC's Central Logs for December 10, 2008, and for the month of December 2008, for pediatric patients that came to the ED requesting care for abdominal pain.

RFP #7 and #8 request phone logs. Defendant's objections for these requests are vague. Please clarify Defendant's responses to include whether these logs currently exist, ever existed and whether they have access to them.

RFP #9 requests peer review, incident, and quality review reports.

Defendant's objects to this request on the basis that it violates peer review privilege laws (specifically, CEC§1157 and PSQIA). This objection is unacceptable. According to Federal Rule of Evidence 501, this district and the 9th Circuit, no peer review privilege exists in Federal court, "Peer review privilege is not recognized under federal law. *Agster v. Maricopa County*, 422 F.3d 836, 839 (9th Cir. 2005) ("No case in this circuit has recognized the [medical peer review] privilege"; declining to find or create a federal peer review privilege when "Congress has twice had occasion and opportunity to consider the privilege and not granted it either explicitly or by implication")." *Love v Permanente* c-12-05679 DMR (re Dkt 58, Aug. 15,2013, N.D. Cal.)

Therefore, my request for incident reports, quality assurance reports, and peer review reports stands. Please produce the requested documents as the information is highly relevant and is likely to lead to the discovery of admissible evidence.

RFP #10 requests my SHC ED medical records in a searchable PDF format with a load file for all accompanying metadata.

Defendant only partially produced the requested information from RFP #10 and provided a compact disc with a searchable PDF copy but no metadata.

Please produce the additionally requested information as it is highly relevant to the question of the accuracy of the medical records and is likely to lead to the discovery of admissible evidence.

Please let me know if Defendant will be providing amended answers or if they would like to continue this meet and confer regarding this discovery dispute.


Best Regards,

Makenzie Pauly

Makenzie Pauly

# SCHUERING ZIMMERMAN
# & DOYLE, LLP

Attorneys at Law

400 University Avenue
Sacramento, CA 95825-6502
(916) 567-0400
FAX: 568-0400
Website: *www.szs.com*

Leo H. Schuering, Jr.
Robert H. Zimmerman
Thomas J. Doyle•
Lawrence Scott Giardina•
Keith D. Chidlaw
Kat Todd
Chad C. Couchot•
Sarah C. Gosling
Daniela P. Stoutenburg
Damon T. Appelblatt
Alaina T. Dickens
Thomas M. Gray
Carolyn L. Northrop
Ian A. Scharg
Mandy L. Sims
David J. Van Dam

*Of Counsel:*
Theodore D. Poppinga

•Also admitted in Nevada

Steven T. Scully (1948-1994)

August 31, 2021

## *Via E-mail and U.S. Mail*
Makenzie Pauly
1840 41st Street, Ste. 102-386
Capitola, CA 95010

Re:    Pauly v. Stanford Health Care

Dear Ms. Pauly:

I am writing in response to your meet and confer letter with respect to SHC's Responses to Request for Production of Documents, Set One.  Below please find my response to each of your concerns.

With respect to Requests Nos. 1 and 2, SHC's responses clearly indicate that "Defendant, SHC, cannot produce policies and procedures of a non-party (LPCH). Defendant, SHC, is making reasonable efforts to determine if any responsive policies and procedures that were in effect in December 2008 still exist and will produce them should they be found. Therefore, no documents will be produced." SHC has already advised you that it is in the process of trying to locate any policies from 13 years ago, as that is beyond the client's document retention policy period.  To the extent any still exist and are found, they will be produced.  SHC has an automatic obligation to supplement its responses under the Federal Rules of Civil Procedure, and will do so, but cannot at this time produce documents which it has not been able to locate.

With respect to Request No. 3, Defendant's objections that this request violates HIPAA and CMIA are valid.  Defendant cannot even access the 3rd party medical records without a legitimate exception to HIPAA or CMIA.  In order to even produce redacted records, SHC would be violating HIPAA and CMIA by accessing the records as no exception to HIPAA or CMIA exists for the 3rd parties.  SHC cannot disclose to anyone whether or not any individual actually had treatment at SHC unless that individual waives his or her right to privacy.  The 3rd parties are not parties to this lawsuit and neither me, or my client, have any rights to access all of the patients' records to search for those that presented to the ED with abdominal pain, and then further access them to produce them to you.  Without a legitimate and valid exception to HIPAA or CMIA, my client cannot produce these records and jeopardize being liable for violations of HIPAA and CMIA.  Therefore, no documents will be produced.

Makenzie Pauly
Re:     Pauly v. Stanford Health Care
August 31, 2021
Page 2
_____

With respect to Request No. 4, as indicated in SHC's response, LPCH is a separate legal entity. LPCH is not a party to this action. SHC cannot be forced to produce documents from a different legal entity. Whether or not the two are on the same university campus does not give one access to the other's documents and/or rights to produce the other's business documents. The census at LPCH does not belong to SHC and therefore SHC cannot produce it. You can verify with the CA Secretary of State that these two entities are in fact separate corporate entities. Further, SHC has never waived this objection as this was the first time you have sought such discovery in this matter related to LPCH's documents. Therefore, no documents will be produced.

With respect to Requests Nos. 5 and 6, SHC's responses clearly indicate that the documents do not exist at this time. Therefore, the documents cannot be produced.

With respect to Requests Nos. 7 and 8, SHC's responses clearly indicate that the documents do not exist. Clearly, SHC cannot have access to documents that do not exist. Therefore, the documents cannot be produced.

With respect to Request No. 9, SHC disagrees with your assertion that no peer review privilege applies in Federal Court. The Patient Safety and Quality Improvement Act of 2005 (PSQIA) not only applies in Federal cases, but is Federal law itself. The request specifically seek information protected by the PSQIA and therefore, Defendant's objections in this regard are valid and no further response will be forthcoming.

With respect to Request No. 10, your request for the "metadata" with no time period specified is wholly overbroad, burdensome, and seeks information not likely to lead to the discovery of admissible evidence. As such, should you be willing to limit the time frame for which you are seeking this information, then we can discuss production of the audit trail for your records from SHC.

Please feel free to contact me should you wish to discuss this further.

Very truly yours,

SCHUERING ZIMMERMAN
& DOYLE, LLP

Carolyn L. Northrop

CLN:amf
2127-12450\01381925.WPD

Carolyn L. Northrop - SBN: 237989
SCHUERING ZIMMERMAN & DOYLE
400 University Avenue
Sacramento, California 95825-6502
(916) 567-0400
FAX: 568-0400

Attorneys for Defendant, STANFORD HEALTH CARE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAKENZIE PAULY, | NO. 5:18-CV-05387-SI |
| Plaintiff | DEFENDANT STANFORD HEALTH CARE'S RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE |
| vs. | |
| STANFORD HEALTH CARE, | |
| Defendant. | Complaint Filed: 08/31/18<br>Trial Date: Not Scheduled |

PROPOUNDING PARTY:    Plaintiff, MAKENZIE PAULY

RESPONDING PARTY:    Defendant, STANFORD HEALTH CARE

SET NUMBER:        ONE

It should be noted that this responding party has not fully completed the investigation of the facts relating to this case, has not fully completed the discovery in this action, and has not completed preparation for trial.

All of the answers contained herein are based only upon such information and documents which are presently available to and specifically known to this responding party and disclose only those contentions which presently occur to such responding party. It is anticipated that further discovery, independent investigations, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead

to substantial additions to changes in, and variations from the contentions herein set forth.

The following interrogatory responses are given without prejudice to the responding party's right to produce evidence of any subsequently discovered fact or facts which this responding party may later recall.

Responding party accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are made.

The answers contained herein are made in good faith effort to supply as much factual information and as much specification of legal contentions as is presently known, but should in no way be to the prejudice of the answering party in relation to further discovery, research and analysis.

These answers and responses to interrogatories bear the same number as the interrogatories being answered.

Responding party objects specifically to the definition of "INCIDENT" as it appears in this action. Said term is vague and ambiguous. Without waiving said objection and subject thereto, Defendant responds as follows:

SPECIAL INTERROGATORY NO. 1:

Please explain Dr. Lin and/or Dr. Larkin's position and authority at SHC/LPCH in the month of December 2008 as it relates to accepting Plaintiff in transfer from Sutter Hospital as recorded in Sutter's medical record.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects on the grounds that this interrogatory is compound. In addition, Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, both generally and specifically with respect to "authority" and "accepting Plaintiff in transfer." In addition, said interrogatory potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence. Said interrogatory also

1  potentially seeks to violate California Evidence Code Section 1157 and the Patient

2  Safety and Quality Improvement Act of 2005 (PSQIA).  Lastly, said interrogatory

3  specifically seeks information not in the possession of STANFORD HEALTH CARE

4  (hereinafter "SHC") as "LPCH" is not a party to this action and is a separate legal entity.

5  However, without waiving said objections, and subject to them, and to the extent that

6  Defendant understands the interrogatory, Defendant responds as follows:  to the best

7  of SHC's knowledge, Dr. Lin and Dr. Larkin were physicians with privileges at Lucile

8  Salter Packard Children's Hospital in December 2008.  Discovery is continuing and

9  Defendant reserves the right to introduce and use such evidence as may be later

10  discovered.

11  SPECIAL INTERROGATORY NO. 2:

12       Please provide the process and reasoning that SHC used to reverse Dr. Lin and

13  Dr. Larkin's decision to accept Plaintiff in transfer, incuding the name and position of

14  the person or persons, who made the decision to deny the transfer.

15  **RESPONSE TO INTERROGATORY NO. 2:**

16       Defendant objects to this interrogatory on the grounds that it is compound,

17  vague, ambiguous, overbroad and burdensome as phrased.  In addition, said

18  interrogatory potentially seeks to violate the attorney-client and/or work-product

19  privileges as well as seeks information that is not likely to lead to the discovery of

20  admissible evidence.  Lastly, said interrogatory potentially seeks to violate California

21  Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of

22  2005 (PSQIA).  However, without waiving said objections, and subject to them, and to

23  the extent that Defendant understands the interrogatory, Defendant responds as

24  follows:  To the best of SHC's knowledge, SHC was not the hospital that the alleged

25  transfer was being requested to, but rather LPCH (which is a separate legal entity and

26  not a party to this lawsuit).   Discovery is continuing and Defendant reserves the right to

27  introduce and use such evidence as may be later discovered.

28  ///

SPECIAL INTERROGATORY NO. 3:

Please explain how SHC ED evaluates and records a patient's pain level, including an explanation of the pain scale and what constitutes severe pain.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, ambiguous, overbroad, and burdensome as phrased, both generally and specifically with respect to time and "severe." Further, said interrogatory potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence. Lastly, said interrogatory potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA). However, without waiving said objections, and subject to them, and to the extent that Defendant understands the interrogatory, Defendant responds as follows: In December 2008, the evaluation of a patient's pain in the Emergency Department would have included, possibly among other things, the utilization of various pain scales based upon the pateint's communications to the clinical staff. Discovery is continuing and Defendant reserves the right to introduce and use such evidence as may be later discovered.

SPECIAL INTERROGATORY NO. 4:

Please state whether or not SHC had knowledge that Plaintiff had severe pain on December 10, 2008 and the factual basis for that knowledge.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, ambiguous, overbroad, and burdensome as phrased, both generally and specifically with respect to "severe." Further, said interrogatory potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence. Lastly, said interrogatory potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA). However, without

1  waiving said objections, and subject to them, and to the extent that Defendant
2  understands the interrogatory, Defendant responds as follows:  the answer to this
3  interrogatory may be determined by examining, auditing, compiling, abstracting, or
4  summarizing Plaintiff's medical records, and therefore pursuant to Federal Rule of Civil
5  Procedure 33(d), Defendant refers Plaintiff to her medical records from SHC.
6  Discovery is continuing and Defendant reserves the right to introduce and use such
7  evidence as may be later discovered.
8  SPECIAL INTERROGATORY NO. 5:
9      Please state the factual basis for SHC's statement that Plaintiff was discharged in
10  a stable condition.
11  **RESPONSE TO INTERROGATORY NO. 5:**
12      Defendant objects to this interrogatory on the grounds that it is compound,
13  vague, ambiguous, overbroad, and burdensome as phrased, both generally and
14  specifically with respect to "severe."  Further, said interrogatory potentially seeks to
15  violate the attorney-client and/or work-product privileges as well as seeks information
16  that is not likely to lead to the discovery of admissible evidence.  Lastly, said
17  interrogatory potentially seeks to violate California Evidence Code Section 1157 and the
18  Patient Safety and Quality Improvement Act of 2005 (PSQIA).  However, without
19  waiving said objections, and subject to them, and to the extent that Defendant
20  understands the interrogatory, Defendant responds as follows:  the answer to this
21  interrogatory may be determined by examining, auditing, compiling, abstracting, or
22  summarizing Plaintiff's medical records, and therefore pursuant to Federal Rule of Civil
23  Procedure 33(d), Defendant refers Plaintiff to her medical records from SHC.
24  Discovery is continuing and Defendant reserves the right to introduce and use such
25  evidence as may be later discovered.
26  SPECIAL INTERROGATORY NO. 6:
27      Please state the factual basis for the defenses you raised in your Answer to
28  Plaintiff's Complaint.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendant objects to this interrogatory on the grounds that it is compound, vague, ambiguous, overbroad, and burdensome as phrased.  Further, said interrogatory potentially seeks to violate the attorney-client and/or work-product privileges as well as seeks information that is not likely to lead to the discovery of admissible evidence.  Lastly, said interrogatory potentially seeks to violate California Evidence Code Section 1157 and the Patient Safety and Quality Improvement Act of 2005 (PSQIA).

Dated:        August 13, 2021

SCHUERING ZIMMERMAN & DOYLE, LLP

By _____
CAROLYN L. NORTHROP
Attorneys for Defendant, STANFORD
HEALTH CARE

**VERIFICATION**

I, the undersigned, declare as follows:

I am a representative of STANFORD HEALTH CARE, a party to the action entitled *Pauly v. Stanford, et al.*, and in such capacity am authorized to sign this Verification of the foregoing DEFENDANT STANFORD HEALTH CARE'S RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE on behalf of said party. The information set forth in said response was gathered and collated by persons regularly in the employ of STANFORD HEALTH CARE, said persons acting throughout pursuant to the instructions of the undersigned with reference to the gathering and collation of such material. Said persons have reported to the undersigned that information contained in said response prepared as aforesaid, is true and correct and/or truly and correctly reflects the contents of the records of STANFORD HEALTH CARE with respect to the subject matter of said interrogatories.

WHEREFORE, the undersigned states that I am informed and believe that said responses are true and correct according to and based upon information transmitted to the undersigned as aforesaid. I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed on ___August 11, 2021___, at Stanford, California.

*Michael H. Bazzi*
Michael H. Bazzi, J.D.
Claims Manager, The Risk Authority Stanford

## Proof of Service by UPS Ground Delivery - Civil

[Code of Civ. Proc. §§ 1011, 1013, 1013a, 2015.5, CRC 10.503, 2.100-2.119]

I, Angelina M. Felo, declare:

At the time of service, I was over 18 years of age and not a party to this action. My business address is: **400 University Avenue, Sacramento, California 95825**.

On August 13, 2021, I served the following documents:

DEFENDANT STANFORD HEALTH CARE'S RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE

**By UPS Ground Delivery:** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses given below and placed the envelope for collection and ground delivery at an office or a regularly utilized drop box of UPS, following our ordinary business practices.  I am a resident or employed in the county where the shipment occurred.  The envelope or package was placed for shipment at **Sacramento, California.**

I served the documents on the persons addressed as follows:

| Attorney | Representing | Phone/Fax/E-Mail |
|---|---|---|
| Makenzie Pauly<br>1840 41st Street, Ste. 102-386<br>Capitola, CA 95010 | Plaintiff in Pro Per | Phone:  **(831) 212-4118**<br>Email:<br>paulytwo.0@gmail.com |

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct, and that this declaration was executed on August 13, 2021, at Sacramento, California.

_____
Angelina M. Felo
2127-12450

# Meet and Confer Letter Re: Special Interrogatories

August 24, 2021

1840 41st Ave. Ste. 102-386
Capitola, CA 95010
(831) 212-4118
paulytwo.0@gmail.com

Carolyn Northrop
400 University Ave.
Sacramento, CA 95825-6502

Re: Pauly v. Stanford Health Care 18-cv-05387-SI

Dear Carolyn,

I have received Defendant SHC's Responses to Plaintiff's Special Interrogatories sent on August 13, 2021. I am writing to meet and confer about these responses. This letter shall serve as my initial attempt to meet and confer as required by Judge Illston's Standing Orders regarding discovery disputes.

Below, I have included my objections with supporting citations in hope that we can reach an amicable resolution in this discovery dispute, without the need for Court intervention. Defendant's responses were deficient for the following reasons:

I sent a total of 6 Special Interrogatories to Defendant in Set One and Defendant has objected to all 6 requests offering a total of 60 objections.

Defendant has stated they are answering my discovery requests in good faith. However, failing to provide ANY substantive answers to these interrogatories does not show a good faith effort. Particularly concerning is SI #6 requesting Defendant's, "factual basis for the defenses you raised in Defendant's Answer to Plaintiff's Complaint." Defendant asked me essentially the same questions in Set One of their Special Interrogatories #2-6 concerning the factual basis for my claims and I answered in full.

I am entitled to fair notice of Defendant's defenses. Defendant failed to provide fair notice in their Affirmative Defenses (Answer dated May 16, 2019), contrary to FRCP Rule 8(b) and (c).  ("Such bare, conclusory allegations do not provide Oracle America with fair notice of the affirmative defenses at issue and should be stricken as insufficient." *Oracle America, Inc. v. Google Inc.* cv 10-03561 WHA (p2:22-24); "A defense is insufficiently pled if it fails to give the plaintiff fair notice of the nature of the defense. See *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir.1979)." *Barnes v AT&T Pension* 718 Supp. 2d 1167; "The defendant bears the burden of proof on an affirmative defense, in the same way that the plaintiff bears the burden of proof on a claim for relief. See Kanne v. Conn. Gen. Life Ins. Co., 867 F.2d 489, 492 n.4 (9th Cir. 1988)" *Perez v. Gordon & Wong Law Group, P.C.* Case No. 11-CV-03323-LHK, ORD. DENYING MSJ. Dkt. 35, p.11:6-8.)

In addition, this circuit has held that the Iqbal/Twombly plausibility standards apply to defensive pleadings also, "Thus, in light of Twombly and Iqbal's reconceptualization of fair notice pleading, the Court agrees that "[a]pplying the standard for heightened pleading to affirmative defenses serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply." Hayne v. Green Ford Sales, Inc., 263 F.R.D. 647, 650 (D. Kan. 2009)." Perez v. Gordon & Wong Law Group, P.C. Case No. 11-CV-03323-LHK, ORD. DENYING MSJ. Dkt. 35, p. 11:20-25. Defendant's answer to SI #6 is crucial to providing me with fair notice of their defenses and is essential to my ability to prepare and respond to them accordingly.

Defendant's responses to SI (#1-5) are also deficient.

Defendant's answer to SI #1 is incomplete. In this question, I asked Defendant to state Dr. Lin and/or Dr. Larkin's position and authority at SHC/LPCH at the time of the December ED visit. Defendant answered the question partially by stating that they were physicians at LPCH, but they failed to describe their authority (meaning their ability) to accept patients in transfer.

Defendant objected to this Interrogatory on the basis that I was seeking information not in their possession. In Dr. Bernard Dannenberg's letter regarding the transfer request and ED visit, dated January 23, 2009, he states:

"Thank you very much for sharing your concerns with our Patient Relations Department regarding the treatment of Makenzie during her December Emergency Room visit. **Lucille Packard Children's Hospital (LPCH)** takes all patient and family concerns and feedback very seriously. It is our policy to review all concerns through our internal review process. These reviews are thorough and may take considerable time." (Emphasis added)

As Director of SHC's ED (SHC's Online Profile- "Director, Pediatric Emergency Department, Stanford University, LPCH (2004 - Present)"), Dr. Dannenberg had the events as they related to both SHC and LPCH, investigated twelve years ago. Therefore, the information that I am requesting has been in Defendant's possession since 2009. Defendant's objection that I am seeking information not in their possession, is baseless.

Please amend the answer to SI #1. The information sought is highly relevant and likely to lead to the discovery of admissible evidence pertaining to my first and fifth causes of action.

Defendant's answer to SI #2 requesting the process and reasoning for reversing the transfer is incomplete. SHC and LPCH may be separate legal entities, but they are indistinguishable in practice, business affiliates, co-owners of SUMIT, file consolidated financial statements, etc. Therefore, Defendant's response to this interrogatory is incomplete and their objection has no basis. Please provide a further response to SI #2 as the information is likely to lead to the discovery of admissible evidence and I am entitled to Defendant's answer.

Defendant's answer to SI #3 is incomplete. In this question, I asked how the SHC ED uses the pain scale to evaluate and record a patient's pain level. Defendant's answer indeed confirmed that *a* pain scale is utilized at SHC's ED but did not explain the use of the pain scale in detail. Please provide a further response to SI #3, as I am entitled to the information requested in this interrogatory as it will provide relevant information that pertains to my claims and is likely to lead to the discovery of admissible evidence.

Defendant's answer to SI #4 is incomplete and evasive in nature. In this interrogatory I was requesting information pertaining to Defendant's knowledge/opinion of my severe pain and the factual basis for that opinion. Defendant referred me to my own records according to FRCP Rule 33(d), a rule that refers the other party to documents in their possession This answer is insufficient. Going to my medical records will not lead me to DEFENDANT'S OPINION, which is what I am requesting, as they do not describe Defendant's knowledge of my severe pain and the facts supporting their opinion. Please provide a further response to SI #4, as I am entitled to the information requested in this interrogatory as it will provide relevant information that pertains to my claims and is likely to lead to the discovery of admissible evidence.

Defendant's answer to SI #5 is insufficient. In this interrogatory I was requesting information pertaining to Defendant's knowledge/opinion regarding my status at the time of discharge and the factual basis for that opinion. Defendant referred me to my own records according to FRCP Rule 33(d), a rule that refers the other party to documents in their possession. This answer is insufficient. Going to my medical records will not lead me to the information that I am requesting as they do not describe DEFENDANT'S OPINION of my status at the time of discharge or Defendant's factual basis for such opinion. Defendant has failed to answer this question. Please provide the factual basis for the contention that I was discharged in a stable condition. Defendant's answer to this interrogatory is relevant and likely to lead to the discovery of admissible evidence and I am entitled to their answer.

Please let me know if Defendant will be providing amended answers or if they would like to continue this meet and confer regarding this discovery dispute.


Best Regards,

Makenzie Pauly

# SCHUERING ZIMMERMAN
# & DOYLE, LLP

Attorneys at Law

400 University Avenue
Sacramento, CA 95825-6502
(916) 567-0400
FAX: 568-0400
Website: *www.szs.com*

Leo H. Schuering, Jr.
Robert H. Zimmerman
Thomas J. Doyle•
Lawrence Scott Giardina•
Keith D. Chidlaw
Kat Todd
Chad C. Couchot•
Sarah C. Gosling
Daniela P. Stoutenburg
Damon T. Appelblatt
Alaina T. Dickens
Thomas M. Gray
Carolyn L. Northrop
Ian A. Scharg
Mandy L. Sims
David J. Van Dam

*Of Counsel:*
Theodore D. Poppinga

•Also admitted in Nevada

Steven T. Scully (1948-1994)

August 31, 2021

*Via E-mail and U.S. Mail*
Makenzie Pauly
1840 41st Street, Ste. 102-386
Capitola, CA 95010

Re:    Pauly v. Stanford Health Care

Dear Ms. Pauly:

I am writing in response to your meet and confer letter with respect to SHC's Responses to Special Interrogatories, Set One.  Below please find my response to each of your concerns.

With respect to Interrogatory No. 1, as indicated in SHC's response, LPCH is a separate legal entity. You can verify with the CA Secretary of State that these two entities are in fact separate corporate entities.  LPCH is not a party to this action.  SHC cannot be forced to set forth information and knowledge that it does not have.  The interrogatory was answered to the best of SHC's ability.  The information regarding the authority will need to be obtained either from the physicians themselves or from LPCH.

With respect to Interrogatory No. 2, again, as indicated SHC's response, LPCH is a separate legal entity.  You can verify with the CA Secretary of State that these two entities are in fact separate corporate entities.  LPCH is not a party to this action.  You incorrectly assert that they are co-owners of SUMIT.  SUMIT is the insurance indemnity trust which covers multiple legal entities affiliated with Stanford.  SUMIT is also not a party to this action. The only party to this action is SHC. Further, your interrogatory assumes that your request for a transfer was accepted and then reversed, which is actually completely contrary to the evidence to date.  SHC has no control over the admissions at LPCH and therefore SHC could not have "reversed" any decisions as you set forth in the interrogatory.  No further response will be forthcoming.

With respect to Interrogatory No. 3, Defendant has provided a full and complete response to the interrogatory as phrased and to the best of its knowledge.  SHC cannot provide further information.

Makenzie Pauly
Re:    Pauly v. Stanford Health Care
August 31, 2021
Page 2

With respect to Interrogatories Nos. 4 and 5, Defendant has specifically relied upon FRCP 33(d) that the answer to this interrogatory is contained within your medical records from SHC.  Citing FRCP 33(d) and identifying the records from which the information can be obtained is a sufficient response and no further response will be forthcoming.  Contrary to your assertion in your meet and confer letter, your interrogatory does not ask for an opinion, but rather facts.  Those facts can be obtained within your medical records.

With respect to Interrogatory No. 6, Defendant has raised 18 affirmative defenses in its Answer.  As such, the interrogatory asking for the factual basis for all of those affirmative defenses is compound, vague, ambiguous, overbroad, and burdensome as phrased.  The interrogatory also does potentially seek privileged information.  SHC will not be providing a further response.

Please feel free to contact me should you wish to discuss this further.

Very truly yours,

**SCHUERING ZIMMERMAN
& DOYLE, LLP**

Carolyn L. Northrop

CLN:amf
2127-12450\01381930.WPD