UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAKENZIE PAULY, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>STANFORD HEALTH CARE,<br><br>　　　　　Defendant. | Case No. 18-cv-05387-SI<br><br>**ORDER RE FIRST DISCOVERY LETTER**<br><br>Re: Dkt. No. 72 |

On August 17, 2021, plaintiff Makenzie Pauly filed a first discovery letter regarding three subpoenas issued by defendant Stanford Health Care ("defendant's subpoenas"). Dkt. No. 72. On August 20, 2021, defendant filed a letter in response. Dkt. No. 74. For the reasons stated below, the Court modifies defendant's subpoenas to matters concerning plaintiff's physical injuries during November 2008 and December 2008.

**BACKGROUND**

This case arises from defendant's alleged failure to screen and treat plaintiff in November 2008 and December 2008 ("Underlying Incident"). Dkt. No. 1. Plaintiff claims she suffered personal injury from defendant's alleged refusal to accept plaintiff as a transfer patient and provide plaintiff medical care. Dkt. No. 1 at 8. Plaintiff further claims she suffered physical, mental, and emotional distress while waiting six weeks for an appointment with defendant. *Id*.

On July 30, 2021, defendant issued three deposition subpoenas to the custodian of records for Sutter Medical Center: (1) "ALL DOCUMENTS, MEDICAL RECORDS, OFFICE RECORDS, EMERGENCY ROOM RECORDS, SIGN-IN SHEETS, MEDICAL TESTS, INPATIENT AND OUTPATIENT CHARTS AND RECORDS, RADIOLOGICAL REPORTS AND TEST

1  RESULTS. ALL OF THE ABOVE PERTAINING TO THE CARE, TREATMENT OR
2  EXAMINATION OF MAKENZIE PAULY (DOB: 09/25/1998)"; 2) "Any and all x-ray films,
3  MRS's, CT scans and any other type of film pertaining to the care, treatment or examination
4  pertaining to MAKENZIE PAULY (DOB: 09/25/1998) from the first date to, and including, the
5  present."; and 3) "All itemized statements of billing charges, invoices, records of adjustments and/or
6  write/offs, payments and credits, explanation of benefits, balance due and insurance records." Dkt.
7  No. 72 at 4-23.

8  On August 17, 2021, the plaintiff filed a first discovery letter objecting defendant's
9  subpoenas. Dkt. No. 72. On August 20, 2021, defendant filed a response letter. Dkt. No. 74.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 45, a party may subpoena and command the production of documents. FED. R. CIV. P. 45 (a)(1)(C). A party may obtain discovery relating to any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). The Court may quash or modify a subpoena if the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies." FED. R. CIV. P. 45(d)(3)(A) (iii).

"[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." FED. R. E. 501. In California, plaintiffs are "not obligated to sacrifice all privacy to seek redress for a specific (physical,) mental or emotional injury." *In re Lifschutz*, 467 P.2d 557, 570 (1970). Plaintiffs "are entitled to retain the confidentiality of all unrelated medical or psychotherapeutic treatment they may have undergone in the past" and "unquestionably waive their physician-patient and psychotherapist-patient privileges as to all information concerning the medical conditions which they have put in issue." *Britt v. Superior Court*, 574 P.2d 766, 768-69, 779 (1978). Waiver requires "asserting more than a garden-variety claim of emotional distress." *Turner v. Imperial Stores*, 161 F.R.D. 89, 97 (S.D. Cal. 1995).

**DISCUSSION**

Plaintiff argues defendant's subpoenas are privileged and beyond the scope of her claims. Dkt. No. 72 at 2. Defendant argues discovery of all of plaintiff's physical and mental health records is warranted because plaintiff placed her health at issue in this case. Dkt. No. 74 at 1-2.

The Court finds defendant's subpoenas to be overbroad. The complaint limits plaintiff's claims to her alleged pain and resulting inability to walk during Underlying Incident in November 2008 and December 2008. Dkt. No. 1 at 9-19. *See Britt v. Superior Court,* 574 P.2d 766, 778-79 (1978) (vacating order permitting discovery of plaintiff's entire medical history and rejecting argument that discovery would determine injury when plaintiff identified particular ailments). Plaintiff did not place her entire mental health history by claiming she suffered severe "mental and emotional distress" during the six weeks of waiting for an appointment with defendant. *Compare Fitzgerald v. Cassil,* 216 F.R.D. 632, 633, 639 (N.D. Cal.2003) (no waiver of privacy of plaintiff's medical and billing records when plaintiff did not allege "cause of action for intentional or negligent infliction of emotional distress" or "specific psychiatric injury or disorder or unusually severe emotional distress extraordinary in light of the allegations") *with Dornell v. City of San Mateo*, 12-cv-6065-CRB (KAW), 2013 WL 5443036 at *4 (N.D. Cal. Sept. 30, 2013) (waiver of privacy when plaintiff alleged "severe emotional distress" resulting in "anxiety, high blood pressure, chest pain, sleeplessness, weight gain, inability to focus and loss of interest in daily life activities and hobbies").

Accordingly, defendant's subpoenas shall be limited to records that concern plaintiff's alleged pain and physical injury during November 2008 and December 2008.

**IT IS SO ORDERED**.

Dated: September 7, 2021

SUSAN ILLSTON
United States District Judge

3