UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAKENZIE PAULY, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>STANFORD HEALTH CARE,<br><br>  Defendant. | Case No. 18-cv-05387-SI<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN UNTIMELY MOTION TO STRIKE AND (2) ADDRESSING THE SECOND AND THIRD DISCOVERY DISPUTE LETTERS**<br><br>Re: Dkt. Nos. 76, 84, 87 |

This case arises from defendant's alleged failure to screen and treat plaintiff in November 2008 and December 2008. Dkt. No. 1. Plaintiff claims she suffered personal injury from defendant's alleged refusal to accept plaintiff as a transfer patient and provide plaintiff medical care. Dkt. No. 1 at 8. Plaintiff further claims she suffered physical, mental, and emotional distress while waiting six weeks for an appointment with defendant. *Id*. This order resolves (1) plaintiff's motion for leave to file an untimely motion to strike; (2) discovery dispute number 2; and (3) discovery dispute number 3.

Under Federal Rule of Civil Procedure 26(b)(1), parties are entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Under Federal Rule of Civil Procedure 45, a party may subpoena and command the production of documents. FED. R. CIV. P. 45 (a)(1)(C). A party may obtain discovery relating to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). The Court may quash or modify a subpoena or request for production if the request "requires disclosure of privileged or other protected matter, if no exception or waiver applies." FED. R. CIV. P. 45(d)(3)(A) (iii).

**PLAINTIFF'S MOTION FOR LEAVE TO FILE UNTIMELY MOTION TO STRIKE**

Plaintiff filed a motion for leave to file an untimely motion to strike defendant's answer/affirmative defenses. Dkt. No. 84. Defendant argues plaintiff's motion should be denied because she has failed to show excusable neglect for not bringing a timely motion to strike. See generally Dkt. No. 86. However, because plaintiff is proceeding pro se, the Court excuses plaintiff's neglect and hereby GRANTS plaintiff leave to file said motion on or before November 19, 2021.

**DISCOVERY DISPUTE NO. 2**

On September 2, 2021, plaintiff filed an individual letter laying out her side of a discovery dispute. Dkt. No. 76. Defendant opposed. Dkt. No. 79. Essentially, plaintiff seeks documents in six areas, namely: "[1] policies and procedures, [2] third-party medical records, [3] SHC's EMTALA Central Log, [4] phone logs, [5] peer review reports, and [6] [plaintiff's] complete SHC e-medical records." Dkt. No. 76 at 1[1].

Plaintiff's request for documents in categories 2, 4, 5, and 6 are DENIED as she has failed to make the necessary showing as to how these documents will likely lead to relevant/discoverable information.

With respect to plaintiff's first category, policies and procedures, the Court hereby GRANTS plaintiff's request for policies and procedures relating to plaintiff's treatment during the Relevant Time Period.[2] However, plaintiff's request for policies and procedures outside the scope of the Relevant Time Period as well as policies and procedures of other hospitals – for any time period – are hereby DENIED.

With respect to plaintiff's third category, the Court hereby GRANTS plaintiff's request for any documents relevant to plaintiff but the request is otherwise DENIED.

**DISCOVERY DISPUTE NO. 3**

Defendant has served two subpoenas seeking:

---

[1] For ease of reference, page number citations refer to the ECF branded number in the upper right corner of the page.

[2] The Relevant Time Period is defined as: November 2008 and December 2008.

**(#8)** "ALL DOCUMENTS, MEDICAL RECORDS, OFFICE RECORDS, EMERGENCY ROOM RECORDS, SIGN-IN SHEETS, MEDICAL TESTS, RADIOLOGICAL REPORTS, INPATIENT AND OUTPATIENT CHARTS AND RECORDS. **ALL ITEEIZED STATEMENTS OF BILLING CHARGES, INVOICES, RECORDS OF ADJUSTEMNENTS AND/OR WRITE-OFFS, PAYEMENTS AND CREDITS, EXPLANATION OF BENEFITS, BALANCES DUE AND INSURANCE RECORDS PERTAINING TO THE CARE, TREATMENT OR EXAMINATION OF MAKENZIE PAULY** (DOB: 09/25/1998) FROM COMPLAINTS RELATED TO ABDOMEN ONLY."

**(#10)** "**ALL ITEMIZED STATEMENTS OF BILLING CHARGES, INVOICES, RECORDS OF ADJUSTEMNENTS AND/OR WRITE-OFFS, PAYEMENTS AND CREDITS, EXPLANATION OF BENEFITS, BALANCES DUE AND INSURANCE RECORDS PERTAINING TO THE CARE, TREATMENT OR EXAMINATION OF MAKENZIE PAULY** (DOB: 09/25/1998) LIMITED TO NOVEMBER AND DECEMBER 2008 ONLY. SPECIFCALLY TO INCLUDE ALL OF THE AFFORMENTIONED FROM RADIOLOGICAL ASSOCIATES OF SACRAMENTO AT 5277 F STREET, SACRAMENTO."

Dkt. No. 87 at 1. Plaintiff argues the requests are overbroad, irrelevant, and disproportionate. Dkt. *Id.* at 2. Specifically, plaintiff argues because she has not claimed any special damages, the billing records are irrelevant. *Id.* However, the Court disagrees. Plaintiff will not stipulate that she will *not* seek special damages in the future, and she very well could seek them pursuant to EMTALA as well as California personal injury law. Dkt. No. 87 at 3; 42 U.S.C. § 1395dd(d)(2)(A); *Hanif v. Housing Authority of Yolo County* 200 Cal.App.3d 635, 640 (1988) "A person injured by another's tortious conduct is entitled to recover the reasonable value of medical care and services reasonably required and attributable to the tort." The Court finds defendant's requests are reasonably calculated to discovery of potentially relevant information.

## CONCLUSION

Plaintiff is granted leave to file a motion to strike defendant's answer/affirmative defenses on or before November 19, 2021.

With respect to discovery dispute number 2 (Dkt. Nos. 76 and 79), plaintiff's request for documents are DENIED except with respect to categories 1 (policies and procedures) and 3 (SHC's EMTALA Central Log) with the limitations outlined above.

With respect to discovery dispute number 3 (Dkt. No. 87), defendant is entitled to the documents sought and plaintiff's objections are overruled.

3

1   The Court would also like to remind the parties of the Court's standing order requiring the parties to meet and confer prior to filing a joint discovery dispute letter.  **The meet and confer requirement is NOT met by sending emails or other written communications back and forth. The parties must meet in person, over video-conference, or over the phone to discuss the issues and only then may they bring a dispute before the Court.  In the future, failure to comply with this requirement will result in rejection of the parties' discovery dispute letter.**

**IT IS SO ORDERED**.

Dated: November 9, 2021

_____
SUSAN ILLSTON
United States District Judge