UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAKENZIE PAULY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STANFORD HEALTH CARE,<br><br>　　　　Defendant. | Case No. 18-cv-05387-SI<br><br>**ORDER DENYING PLAINTIFF'S RULE 12(F) MOTION TO STRIKE**<br><br>Re: Dkt. No. 96 |

Before the Court is plaintiff Makenzie Pauly's Motion to Strike the entirety of defendant Stanford Health Care's Answer. Dkt. No. 96 (Motion); Dkt. No. 39 (Answer). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and **VACATES** the hearing set for January 14, 2022. For the reasons below, the motion will be **DENIED**.

## BACKGROUND

**1.    The Lawsuit**

Pauly was ten years old when the events giving rise to this lawsuit occurred in 2008. As she alleges, Standard Health Care ("SHC") violated various provisions in the Emergency Medical Treatment and Labor Act ("EMTALA"), 42 U.S.C. § 1395dd *et seq.*, when it "refus[ed] to accept" her transfer from a hospital in Sacramento that was unable to treat her condition, "refus[ed] to provide a medical screening exam" after her mother—over SHC's protests—delivered her to SHC's emergency department, "refus[ed] to provide stabilizing medical treatment," and ultimately "dump[ed]" her by discharging her against her mother's wishes. Dkt. No. 1 at 8. Pauly filed the

presently operative complaint in federal court on August 21, 2018. *Id*. A motion to dismiss disposed of all but five causes of action against SHC. *Pauly v. Stanford Health Care*, No. 18-CV-05387-SI, 2019 WL 1756540 (N.D. Cal. Apr. 19, 2019), *aff'd Pauly & Pauly*, No. 19-15972, 2019 WL 3562316 (9th Cir. 2019). The remaining causes of action against SHC are:

1. Failure to accept patient in transfer ("reverse dumping");

2. Failure to provide an appropriate medical screening exam;

3. Failure to provide on-call specialists;

4. Failure to treat a known emergency medical condition; and

5. Failure to properly transfer a patient with a known emergency medical condition.

Dkt. No. 1. SHC filed its answer on May 16, 2019. Dkt. No 39. The Court granted Pauly leave to file an untimely motion to strike, which is now pending. Dkt. No. 92.

**2.    Pauly's Motion to Strike**

Pauly's motion to strike takes issue with the entirety of SHC's answer.

*SHC's answer to the five causes of action*. For each of the five causes of action, SHC "denies each and every allegation contained therein." Dkt. No. 39 at 2. Pauly asserts that such repeated denials fail to "fairly respond to the substance of the allegations" or provide anything more than "conclusory statements." Dkt. No. 96 at 11.

*SHC's common law affirmative defenses*. The answer contains four affirmative defenses that stem from common law principles: (i) that Pauly was comparatively negligent and her "negligent conduct was the sole proximate cause of her injuries," Dkt. No. 39 at 3 ¶ 2, (ii) that Pauly "by her own misconduct, was the sole proximate cause of her injuries," *Id*. at 4 ¶ 3, (iii) that Pauly failed to mitigate damages, *Id*. at 4 ¶ 4, and (iv) that Pauly "assumed the risk of any injury or damage," and consented to "all the alleged acts and omissions" giving rise to the injury. *Id*. at 4-5 ¶¶ 7, 13, 14. In her motion to strike, Pauly asserts that EMTALA is a strict liability statute not based "on concepts of negligence," which renders affirmative defenses based on comparative fault and other "tort concepts" legally immaterial. She further asserts SHC fails to provide any facts to substantiate the claim that Pauly acted negligently or voluntarily assumed risks or manifested consent in 2008.

2

*SHC's third-party fault affirmative defense*. SHC's answer also alleges that any injury was "caused and contributed to by acts or omissions of Plaintiff or other parties, persons, or entities, their servants, agents, representatives, or employees, none of whom are agencies or employees of Defendant for whom Defendant has any liability." Dkt. No. 39 at 4 ¶ 5. Pauly argues SHC failed to identify this "other" party who was responsible, and thus, fails to properly give notice of the affirmative defense. SHC later asserted in its response to the pending motion that "it was clearly brought to light during discovery that Lucile Salter Packard Children's Hospital is a wholly separate legal entity." Dkt. No. 100 at 9. Pauly insists that SHC and Lucile Salter Packard are a joint venture.

*SHC's affirmative defenses based on factual insufficiency*. SHC asserts two affirmative defenses based on in factual insufficiency: "[t]he Complaint fails to allege facts sufficient to constitute any claim for relief," Dkt. No. 39 at 3 ¶ 1, and "[p]laintiff's claims fail to allege facts sufficient to state a claim for punitive damages." *Id*. at 5 ¶ 11. Pauly asserts that a "defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." Dkt. No. 96 at 12, 21, quoting *Zivkovic v. S. California Edison Co*., 302 F.3d 1080, 1088 (9th Cir. 2002). She further argues that this Court's Order on defendant's prior motion to dismiss precludes any defense that her claims are factually deficient. That Order "DENIE[D] defendant's motion to dismiss Makenzie Pauly's first through fifth causes of action." Dkt. No. 32 at 5. As Pauly views it, the Court has already held that the claims were factually sufficient.

*SHC's affirmative defenses based on state statutes*. SHC cites to various provisions of the California Civil Code and the Code of Civil Procedure to argue that it should be entitled to damage offsets or caps. Dkt. No. 39 at 5 ¶¶ 15, 16, 17, citing Cal. Civ. Code §§ 3333.1 and 3333.2, Code of Civil Proc. § 667.7. SHC further asserts that Pauly's claims are barred by Cal Civ. Code § 1714.8. Dkt. No. 39 at 5 ¶ 18. Pauly argues that all four of these affirmative defenses are inapplicable to EMTALA actions because they "implicat[e]" or pertain to "professional negligence" standards.

*SHC's miscellaneous affirmative defenses*. SHC also presents the following affirmative defenses: (i) "each and every cause of action, and the whole thereof, is barred by the applicable statute of limitations," Dkt. No. 39 at 4 ¶ 6, (ii) that Pauly's claims are "barred from recovery … on the basis that her claims are contrary to public policy," *Id*. ¶ 8, (iii) that Pauly's claims are barred

3

1  "because each and every act or omission of Defendant was based on business necessity and
2  legitimate business reasons," *Id.* ¶ 9, (iv) that any recovery would be "reduced by amount received
3  by Plaintiff from any collateral source," Dkt. No. 39 at 5 ¶ 10, and finally, (v) that Pauly is seeking
4  "redress for physical and emotional injuries arising from preexisting physical or mental conditions."
5  *Id.* ¶ 12. Pauly's objections to these affirmative defenses largely assert factual and legal
6  insufficiency, namely, that SHC: fails to specify any dates that would determine the limitations
7  period, fails to describe any facts how suggesting the complained-of acts violate public policy, fails
8  to describe the supposed collateral sources, and legally errs by asserting that a pre-existing medical
9  condition forecloses EMTALA liability.

**LEGAL STANDARD**

Rule 12(f) provides the "means to excise improper materials from pleading," *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010), including any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). However, courts will generally "grant a motion to strike only when the moving party has proved that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Ewing v. Nova Lending Sols.*, LLC, No. 20-CV-1707-DMS-KSC, 2020 WL 7488948, at *2 (S.D. Cal. Dec. 21, 2020); *Arthur v. Constellation Brands, Inc.*, No. 16-CV-04680-RS, 2016 WL 6248905, at *2 (N.D. Cal. Oct. 26, 2016) ("If there is any doubt whether the challenged matter might bear on an issue in the litigation, the motion to strike should be denied, and assessment of the sufficiency of the allegations left for adjudication on the merits.").

Under Rule 8(b)(1), a defendant's answer must "(A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). Denials must also "fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2).

"Courts are split," however, as to "whether affirmative defenses are subject to the heightened standard" of plausibility-pleading articulated in *Twombly* and *Iqbal*. *Mc Elmurry v. Ingebritson*, No. 2:16-CV-00419-SAB, 2017 WL 9486190, at *2 (E.D. Wash. Aug. 14, 2017). *Compare Barnes,* 718

4

F. Supp. 2d 1167, 1172 (applying the heightened standard to affirmative defenses), *with Mc Elmurry*, 2017 WL 9486190, at *2 (observing "numerous other courts within the Ninth Circuit hold that the heightened standard should not apply to affirmative defenses and instead [hold] that a plaintiff be given 'fair notice' of the defense."). Under the predominant approach in the Ninth Circuit, a fairly noticed affirmative defense must describe a defense in "general terms" by identifying the legal theory on which the defense rests, *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015), and "need not assert facts making it plausible." *Mc Elmurry*, 2017 WL 9486190 at *2 (further observing "courts have even held that boilerplate affirmative defenses are appropriate prior to discovery.").

**DISCUSSION**

The Court begins with the most prominent and repeated argument in Pauly's motion: that the pleading standards for complaints announced in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) apply equally to affirmative defenses and thereby require SHC to provide factual substantiation for its defenses. Having considered the parties' arguments and surveyed the cases discussing the applicability of *Twombly* and *Iqbal* to affirmative defenses, *see Craten v. Foster Poultry Farms Inc.,* No. CV-15-02587-PHX-DLR, 2016 WL 3457899 at *2 (D. Ariz. June 24, 2016) (collecting cases), the Court concludes that affirmative defenses are governed by the standard of fair notice—not plausibility pleading.

The Court finds SHC's eighteen affirmative defenses suffice to put Pauly on notice of the legal theory on which the defenses rely. Any required factual substantiation may be later procured in discovery. The Court now turns to Pauly's other arguments.

SHC's affirmative defenses based on common law concepts of comparative negligence, failure to mitigate, assumption of risk, and consent are adequately alleged to put Pauly on notice of the legal theory. (Affirmative Defenses Nos. 2, 3, 4, 7, 13, 14). Even if Pauly were correct that EMTALA is a strict liability statute not based "on concepts of negligence," by its own plain language, EMTALA incorporates background principles of common law and equity to determine a claimant's damages. *See* 42 U.S. Code § 1395dd(d)(2)(A) ("an individual… may…obtain those

5

damages available for personal injury under the law of the State in which the hospital is located, and such equitable relief as is appropriate."). Accordingly, SHC's reliance on tort law concepts in its affirmative defenses does not render those defenses legally immaterial, and Pauly has not shown that such concepts will have no bearing on the litigation.

SHC's affirmative defense based on a third party's fault is adequately pled to put Pauly on fair notice of the legal grounds for the defense. (Affirmative Defense No. 5). SHC's affirmative defenses based on factual insufficiency are also adequately alleged. (Affirmative Defense Nos. 1 and 11).[1] Pauly's insistence that issue preclusion bars SHC from asserting that her claims are factually insufficient is without merit; SHC's prior motion to dismiss asserted that the five claims were time-barred, and this Court's Order did not determine the factual sufficiently of the five now-remaining causes of action—only that they were not time-barred. *See Pauly,* 2019 WL 1756540 at *3. Issue preclusion does not apply.

SHC's affirmative defenses based on Cal. Civ. Code §§ 3333.1, 3333.2, and 1714.8, and Cal. Code of Civil Proc. § 667.7 are also adequate. (Affirmative Defense Nos. 15, 16, 17, 18). Although these affirmative defenses might implicate or pertain to "professional negligence" standards, Pauly has not established that these defenses would have "no possible bearing on the subject matter of the litigation." *Ewing*, 2020 WL 7488948 at *2. The remaining affirmative defenses also suffice to put Pauly on notice of the legal theory underlying the defense. (Affirmative Defense Nos. 6, 8, 9, 10, 12). Because a defendant "need not assert facts making [an affirmative defense] plausible," *Mc Elmurry*, 2017 WL 9486190 at *2, SHC's defenses based on the statute of limitations, public policy, business necessity or legitimate business reasons, and collateral offsets for damages are properly alleged.

Finally, the Court finds SHC's denials of "each and every allegations contained" in the five

---

[1] Pauly's argument that defenses based on factual insufficiency are not "affirmative defenses" does not provide a sufficient basis for striking those defenses. It is true that a "defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense" but is instead "negative defense." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). However, "denials that are improperly pled as defenses should not be stricken on that basis alone, particularly where they do not prejudice Plaintiff." *Tattersalls Ltd. v. Wiener*, No. 3:17-CV-1125-BTM-JLB, 2019 WL 669640, at *3 (S.D. Cal. Feb. 19, 2019). The Court does not find the inclusion prejudicial and declines to strike the defenses.

causes of action fairly responds to the substance of the allegations.

The Court has considered all the other arguments raised by Pauly and finds none of them persuasive.

## CONCLUSION

For the reasons set forth above, the motion to strike is **DENIED**.

**IT IS SO ORDERED**.

Dated: January 11, 2022

_____
SUSAN ILLSTON
United States District Judge