UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAKENZIE PAULY,<br><br>                    Plaintiff,<br><br>         v.<br><br>STANFORD HEALTH CARE,<br><br>                    Defendant. | Case No.  18-cv-05387-SI   (TSH)<br><br>**ORDER RE: FIFTH DISCOVERY DISPUTE, PLAINTIFF'S MOTION FOR TERMINATING SANCTIONS**<br><br>Re: Dkt. Nos. 104, 105, 113, 117, 118, 124, 135 |

## I.    INTRODUCTION

Pending before the Court are the parties' fifth discovery dispute (ECF No. 104) and Plaintiff's Motion for Terminating Sanctions (ECF No. 105).

The Court finds these matters suitable for disposition without oral argument.  *See* CIV. L.R. 7-1(b).  Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **DENIES** Plaintiff's Motion for Terminating Sanctions.  The Court **ORDERS** Stanford to produce a color copy of the MTPCR *and* Stanford's November 2008 and December 2008 policies and procedures relating to Plaintiff's treatment by **March 21, 2022**.

## II.    BACKGROUND

Plaintiff alleges Defendant Stanford Health Care ("Stanford") failed to properly provide Plaintiff with medical care in November 2008 and December 2008.  ECF No. 1.

On November 9, 2021, the Court ordered Stanford to produce its November 2008 and December 2008 policies and procedures relating to Plaintiff's treatment ("Policies").  ECF No. 92 at 2.

On December 14, 2021, Plaintiff filed a letter regarding a fifth discovery dispute, claiming

Stanford gave Plaintiff medical records that are missing information on Plaintiff's chief complaint in 2008.  ECF No. 104.  On January 4, 2022, Stanford filed a response and denied Plaintiff's claim.  ECF No. 110.

On January 15, 2022, the Court ordered Stanford produce an audit trail to address whether the chief complaint is missing from Plaintiff's medical records.  ECF No. 132 at 3:14-23.  On January 31, 2022, Stanford filed an audit trail.  ECF No. 129.

On December 20, 2021, Plaintiff filed a Motion for Terminating Sanctions.  ECF No. 105. On January 3, 2022, Stanford filed an Opposition.  ECF No. 109.  On January 10, 2022, Plaintiff filed a reply.  ECF No. 112.

On February 28, 2022, Judge Illston referred this case to the undersigned to address the parties' fifth discovery dispute and Plaintiff's Motion for Terminating Sanctions.  ECF No. 137.

### III.   LEGAL STANDARD

"Courts are invested with inherent powers that are 'governed . . . by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).  Thus, "[a] federal trial court has the inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence."  *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993).

The Court also has the authority to sanction a party "who fails to obey an order to provide or permit discovery" under Federal Rule of Civil Procedure 37(b)(2)(A).  "A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe . . . [o]nly 'willfulness, bad faith, and fault' justify terminating sanctions."  *Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (citing *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003)).

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.   DISCUSSION

### A.   Fifth Discovery Dispute

The parties' fifth discovery dispute involves Plaintiff's medical records. [1]  ECF No. 104 at 2.   Plaintiff alleges Stanford produced medical records that are missing Plaintiff's chief complaint for coming to the emergency department in 2008.  ECF No. 104 at 2.

On January 15, 2022, Stanford filed an audit trail addressing the alleged missing information.  ECF No. 129.  According to the audit, information regarding Plaintiff's chief complaint is contained in various sections of Plaintiff's medical records.  *Id*. at ¶¶ 7, 9.  The audit stated where the chief complaint information is located.  *Id.* at ¶ 7.  The Court reviewed Plaintiff's medical records and finds the information is in Stanford's medical records.  Plaintiff's request for additional discovery of her medical records is **DENIED**.

### B.   Motion for Terminating Sanctions

Plaintiff requests terminating sanctions for Stanford's alleged spoliation of the Medical Transport Program Call Record ("MTPCR"), failure to follow the Court's order, failure to disclose all witnesses in initial disclosures, and failure to admit to Plaintiff's requests for admission.[2]  ECF No. 105 at 5-15.  The Court addresses each of Plaintiff's allegations in turn.

Plaintiff alleges Stanford redacted the MTPCR.  ECF No. 105 at 5-7.  Stanford argues it did not redact the MTPCR.  ECF No. 109 at 6-7.  "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation."  *Herson v. City of Richmond*, No. 09-cv-2516-PJH (LB), 2011 WL 3516162, at *2 (N.D. Cal. Aug. 11, 2021) (citing *United States v. Kitsap Physicians*

---

[1] Pauly filed two Administrative Motions to Seal her medical records.  ECF Nos. 113, 135.  The Court **GRANTS** Pauly's Administrative Motions to Seal.  *See California Spine and Neurosurgery Inst. v. United Healthcare Ins. Co.*, No. 19-cv-2417-LHK, 2021 WL 1146216, at *3 (N.D. Cal. Feb. 12, 2021) ("Courts have repeatedly concluded that the need to keep personal health information confidential outweighs the presumption in favor of public access to court records."); *A.C. v. City of Santa Clara*, No. 13-cv-3276-HSG, 2015 WL 4076364, at *2 (N.D. Cal. July 2, 2015) (granting motion to seal medical records).

[2] Pauly also seeks terminating sanctions for Stanford's spoliation of medical records.  ECF No. 105 at 7-13.  Given the Court's order addressing the parties' fifth discovery dispute, the Court declines to address these arguments as moot.

*Svs.*, 314 F.3d 995, 1001 (9th Cir. 2002)).

The Court finds Plaintiff has failed to establish spoliation. Plaintiff fails to identify what evidence Stanford allegedly redacted. *See Brosnan v. Tradeline Solutions, Inc.*, 681 F. Supp. 2d 1094, 1104 (N.D. Cal. 2010) (denying sanctions for spoilation where "Plaintiff has failed to identify what evidence was destroyed and how it is relevant or necessary to his prosecution of this case."). Plaintiff argues her black and white copy of the MTPCR contains pixilations and are evidence of Stanford redacting the MTPCR. ECF No. 105 at 5. However, Stanford has an "original copy of the [MTPCR] [with] various shadings of *color,* which accounts for the pixilation in [Plaintiff's] black and white copy. Nothing has ever been redacted from the copy." ECF 109-2, Brown Decl. ¶ 3 (emphasis added). Plaintiff's evidence is not based on the color copy of the MTPCR. Stanford's failure to produce the color copy appears to have led to confusion. This can be remedied by ordering Stanford to produce the color copy, and sanctions are therefore unwarranted.

Plaintiff's second argument for terminating sanctions is that Stanford failed to obey the Court's Order requiring Stanford to produce its November 2008 and December 2008 policies and procedures relating to Plaintiff's treatment. ECF. No. 105 at 10-13. Stanford says that it did not disobey the prior Court Order, as there was no deadline for the document production. This failure to produce can be remedied by setting a deadline for that production. It is not obvious that this delay in document production is prejudicial, as fact discovery closes May 6, 2022. ECF No. 66. *See Wanderer*, 910 F.2d 652 at 656 ("Delay alone, without a focus on its effects, will not justify dismissal or default.").

Plaintiff's third argument is that Stanford failed to disclose the names of all individuals who may have discoverable evidence in Stanford's initial disclosures. ECF No. 105 at 14. However, initial disclosures do not require that. They require the disclosure of "each individual likely to have discoverable information – along with the subjects of that information – that *the disclosing party* may use to support its claims or defenses, unless the use would be solely for impeachment," FED. R. CIV. PRO. 26 (a)(1)(A)(i) (emphasis added). Accordingly, Plaintiff's argument that Stanford did not list every single person with discoverable information does not

United States District Court
Northern District of California

United States District Court
Northern District of California

1    demonstrate that Stanford's initial disclosures are incomplete.  In any event, if Stanford later

2    attempts to use a nondisclosed witness to support its defenses, it will have to reckon with Rule 37:

3    "If a party fails to provide information or identify a witness . . . the party is not allowed to use that

4    information or witness . . . unless the failure was substantially justified or is harmless."  FED. R.

5    CIV. PRO. 37(c)(1).

6         Finally, Plaintiff argues terminating sanctions are warranted because Stanford failed to

7    admit and denied the MTPCR "shows communication between Sutter and [Stanford] from

8    December 7, 2008 to December 10, 2008" and "states that SHC was, ". . . not sure if they want to

9    take pt."  ECF No. 105 at 15-16; Exhibit A, Requests for Admissions 8-9.

10        Under Federal Rule of Civil Procedure 36(a)(4), "if a matter is not admitted, the answer

11   must specifically deny it or state in detail why the answering party cannot truthfully admit or deny

12   it."  "If a party fails to admit . . . *and* if the requesting party later *proves* a document to be genuine

13   or the matter true, the requesting party may move that the party who failed to admit pay the

14   reasonable expenses, including attorney's fees, incurred in making that proof."  FED. R. CIV. PRO.

15   37(c)(2) (emphasis added).  Although Plaintiff provides the MTPCR, Plaintiff fails to prove the

16   matters in her requests for admissions to be true.  The MTPCR appears to show general

17   communications, but Plaintiff does not explain who made the communications, who documented

18   communications, or how the source of the communication originated from either Sutter Hospital

19   or Stanford.  Plaintiff may later choose to move for sanctions.  *See Optronic Technologies, Inc. v.*

20   *Ningbo Sunny Electronic Co., Ltd*, No. 16-cv-6370-EJD (VKD), 2018 WL 5787302, at *2 (N.D.

21   Cal. Nov. 2, 2018) ("Rule 37(c)(2) is meant to compensate the requesting party for expenses

22   incurred in proving the matter at *trial*.")  However, at this stage, Plaintiff has not proven the truth

23   of her requests for admissions.  *See U.S. ex rel. Strom v. Scios, Inc*., No. 05-cv-3004-CRB (JSC),

24   2011 WL 5444248, at *1 (N.D. Cal. Nov. 9, 2011) ("If a party contends that the response to the

25   request for admission does not comply with Rule 36(a), then the party may 'move to determine the

26   sufficiency of an answer or objection.'")

27        The Court next considers whether terminating sanctions and dismissal are appropriate.

28        "A district court should consider five factors before imposing the sanction of dismissal: (1)

1    the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

2    docket; (3) the risk of prejudice to [party seeking sanctions]; (4) the public policy favoring

3    disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Rio

4    Properties, Inc., v. Rio Intern. Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002).  This test applies to

5    terminating sanctions regardless of whether they are sought under Rule 37 or the Court's inherent

6    power.  *Leon v. IDX Systems Corp.*, 464 F.3d 951, 958 n.4. (9th Cir. 2006).  Generally, the first

7    and second factors weigh in favor of sanctions, while the fourth factor weighs against sanctions.

8    *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).  "Thus the key factors are prejudice and

9    availability of lesser sanctions."  *Id*.

10          The Court finds Plaintiff failed to demonstrate sufficient prejudice to justify terminating

11   sanctions.  As discussed above, Plaintiff failed to show spoliation or disobedience of the Court's

12   orders.  Although Plaintiff may have experienced delay, "[d]elay alone, without a focus on its

13   effects, will not justify dismissal or default." *Id*; s*ee also Oracle America, Inc. v. Terix Computer

14   Co.*, No. 13-cv-3385-PSG, 2015 WL 2398993, at *5 (N.D. Cal. May 19, 2015) ("While the delay

15   undoubtedly was inconvenient, any prejudice was minimal.").  Notably, Stanford may still be

16   appropriately sanctioned at a later time if delay continues.  *See* FED. R. CIV. PRO. 37(c)(1) ("If a

17   party fails to provide information or identify a witness . . . the party is not allowed to use that

18   information or witness . . . unless the failure was substantially justified or is harmless."); FED. R.

19   CIV. PRO. 37(c)(2) ("If a party fails to admit what is requested . . . and if the requesting party later

20   proves . . . the matter true the requesting party may move that the party who failed to admit pay

21   the reasonable expenses, including attorney's fees, incurred in making that proof.").  However, at

22   this stage, Plaintiff does not demonstrate a sufficient showing of prejudice for terminating

23   sanctions.  *See Conn. Gen. Life Ins.,* 482 F.3d at 1096 ("Only 'willfulness, bad faith, and fault'

24   justify terminating sanctions") (internal citation omitted).

25          The Court finds the fifth factor of other available sanctions weighs against sanctions.  The

26   "availability of lesser sanctions" factor includes "whether the court has considered lesser

27   sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility

28   of case-dispositive sanctions."  *Id*.  Accordingly, the parties are warned that failure to promptly

United States District Court
Northern District of California

6

comply with the Court's orders and cooperate in the discovery process may result in sanctions. *See Loop AI Labs Inc. v. Gatti*, No. 15-cv-798-HSG, 2017 WL 934599, at * 12 (N.D. Cal. Mar. 9, 2017) ("It is a party's responsibility to respond to discovery, obey court orders, and avoid dilatory tactics").  The Court **ORDERS** Stanford to produce a color copy of the MTPCR *and* Stanford's November 2008 and December 2008 policies and procedures relating to Plaintiff's treatment by **March 21, 2022**.  *See Spurlock v. FBI*, 69 F.3d 1010, 1016 (9th Cir. 1995) ("A district court possesses inherent power over the administration of its business.  It has inherent authority to regulate the conduct of attorneys who appear before it, to promulgate and enforce rules for the management of litigation, to punish contempt, and to remand cases involving pendent claims.").

## V.    CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion for Terminating Sanctions.[3]  The Court **ORDERS** Stanford to produce a color copy of the MTPCR *and* Stanford's November 2008 and December 2008 policies and procedures relating to Plaintiff's treatment by **March 21, 2022**.

**IT IS SO ORDERED.**

Dated: March 14, 2022

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

---

[3] Stanford filed objections to Plaintiff's submission of evidence in support of her letter regarding discovery dispute and Motion for Terminate Sanctions.  ECF Nos. 117, 118, 124. The Court does not rely on inadmissible evidence in its order and **OVERRULES** Stanford's objections as moot. *See Knighten v. Omni Hotel*, No. 12-cv-2296-CW, 2013 WL 4608192, at *9 (N.D. Cal. Aug. 28, 2013) ("Omni objects to certain conclusory statements in Plaintiff's declaration.  Because the Court does not rely on those statements here, Omni's evidentiary objections are overruled as moot."); *McColm v. San Francisco Housing Authority*, No. 06-cv-7378-CW, 2009 WL 2901596, at *6 (N.D. Cal. Sept. 4, 2009) ("The Court has reviewed these evidentiary objections and has not relied on any inadmissible evidence.  The Court will not discuss each objection individually. To the extent that the Court has relied on evidence objected to by either party, such evidence has been found admissible and the objections are overruled.")