UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAKENZIE PAULY,<br><br>    Plaintiff,<br><br>    v.<br><br>STANFORD HEALTH CARE,<br><br>    Defendant. | Case No. 18-cv-05387-SI<br><br>**ORDER ON MOTION TO STRIKE AND ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 168, 169, 173, 189 |

Before the court are plaintiff's three administrative motions to file under seal. Dkt. Nos. 168, 169, 173. Also before the Court is defendant's motion to strike plaintiff's opposition to defendant's motion for summary judgment, attached declarations, and cross-motion for summary judgment. Dkt. No. 189; *see* Dkt. No. 175. For the reasons set forth below, the Court **GRANTS** the motions to file under seal and **DENIES** the motion to strike.

**I.   Motion to Strike Plaintiff's Opposition to Summary Judgment, Cross-Motion for Summary Judgment, and Declarations In Support Thereof**

This case concerns defendant's alleged failure to screen and treat plaintiff when she was a minor in November and December 2008. Dkt. No. 1. The case has been delayed four years since plaintiff filed the Complaint as an adult and is approaching trial. *See* Dkt. No. 66. In a May 21, 2021 pretrial order, the Court set the following deadlines for dispositive motions:

> DISPOSITIVE MOTIONS SHALL be filed by; 7/22/2022;
> Opp. Due: 8/4/2022; Reply Due: 8/12/2022;
> and set for hearing no later than 8/26/2022 at 10:00 AM.

*Id.* Plaintiff filed a motion for terminating sanctions and default judgment on July 2, 2022; that

1  motion was heard by Magistrate Judge Thomas Hixson on August 18. Dkt. No. 193. Objections to
2  Judge Hixson's report and recommendation are due by September 5. Dkt. No. 195. Because of the
3  hearing date for the motion for terminating sanctions, the Court postponed the hearing on dispositive
4  motions until September 9, 2022 but reminded the parties that the other deadlines in the briefing
5  schedule remained in effect, including the August 4 opposition deadline and August 12 reply
6  deadline. Dkt. No. 170.

Defendant timely filed a motion for summary judgment on July 22, 2022. Dkt. No. 163. Plaintiff, who is *pro se*, did not file a motion for summary judgment by the dispositive motions deadline; she argues that she was confused about whether or not she could file a motion for summary judgment when defendant had already done so. Dkt. No. 196 at 4–5. After doing research online, plaintiff decided she should instead file a cross-motion for summary judgment. *Id.* at 5. Plaintiff untimely filed her opposition to plaintiff's motion for summary judgment and her cross-motion for summary judgment shortly before midnight on August 5, 2022, one day after the deadline for oppositions. She filed supporting declarations and exhibits after midnight on August 6, which she states was due to "technical difficulties." *Id.* at 6.

Defendant moves to strike plaintiff's opposition, cross-motion for summary judgment, and declarations in support because they are untimely filed. Dkt. No. 189. Plaintiff argues that she assumed the opposition deadline was August 5, two weeks after the July 22 motions deadline, because Civil Local Rule 7-3(a) states oppositions "must be filed and served not more than 14 days after the motion was filed." Dkt. No. 196 at 2. Plaintiff further argues that the Court incorrectly set an August 4 deadline in contravention of the Civil Local Rule. *Id.* at 4.

Plaintiff's argument that the Court's pretrial order violated Civil Local Rule 7-3(a) is unavailing. Scheduling dates were agreed upon by the parties. Dkt. No. 65. The Court has authority to set deadlines in a pretrial order. *See* Fed. R. Civ. P. 16. The order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d).

Nonetheless, due to plaintiff's status as a *pro se* litigant and her apparent good faith confusion as to filing dates, the Court **DENIES** plaintiff's motion to strike. Under Federal Rule of Civil Procedure 6(b)(1)(B), "[w]hen an act ... must be done within a specified time, the court may,

United States District Court
Northern District of California

1  for good cause, extend the time . . . on motion made after the time has expired if the party failed to
2  act because of excusable neglect." In assessing excusable neglect, the Court reviews the *Pioneer*
3  factors: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential
4  impact on judicial proceedings, (3) the reason for the delay, including whether it was within the
5  reasonable control of the movant, and (4) whether the moving party's conduct was in good faith."
6  *Pincay v. Andrews*, 389 F.3d 853, 854 (9th Cir. 2004). In this case, the length of delay was short
7  and consequently prejudice to defendant was limited. Plaintiff's opposition was filed a day late, and
8  her supporting documents were about 45 minutes later than that. Dkt. No. 189. The Court finds
9  that plaintiff's conduct was in good faith and the delay was reasonable in light of plaintiff's
10 confusion as a pro se litigant. The *Pioneer* factors weigh in favor of permitting the filing; however,
11 the parties are reminded that scheduling orders set by the Court must be followed.

### II.     Administrative Motions to File Under Seal

Plaintiff has filed three administrative motions to file under seal. Dkt. Nos. 168, 169, 173. Docket numbers 168 and 169 seek to seal Plaintiff's documents in support of her opposition and cross-motion for summary judgment. Docket number 173 seeks to seal documents filed by defendant. Defendant does not oppose any of the motions but indicates it believes docket numbers 168 and 169 are moot because plaintiff's opposition and cross-motion for summary judgment should be stricken and docket number 173 is moot because defendant redacted the records. Dkt. Nos. 182, 184, 186. In light of defendant's non-oppositions, the Court **GRANTS** plaintiff's motions to file under seal.

### III.    Conclusion

Defendant's motion to strike plaintiff's opposition to defendant's motion for summary judgment, cross-motion for summary judgment, and declarations in support thereof is **DENIED**. Plaintiff's administrative motions to file under seal are **GRANTED**. The following documents are hereby sealed:

1. Dkt. Nos. 165-1, 165-2, 165-3, and 165-4;

3

1   2. Dkt. No. 168-4; and

2   3. Dkt. No. 169-4.

3   **IT IS SO ORDERED**.

4   Dated: August 31, 2022

_____
SUSAN ILLSTON
United States District Judge