UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAKENZIE PAULY, <br><br> Plaintiff, <br><br> v. <br><br> STANFORD HEALTH CARE, <br><br> Defendant. | Case No. 18-cv-05387-SI <br><br> **ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION FOR TERMINATING SANCTIONS** <br><br> Re: Dkt. Nos. 157, 195, 208, 209 |

On July 2, 2022, plaintiff filed a motion for terminating sanctions against defendant "based on the violation of their duty to preserve evidence, the spoilation of relevant evidence, and the resulting prejudice to Plaintiff." Dkt. No. 157 at 1. On August 22, 2022, Magistrate Judge Hixson issued a Report and Recommendation recommending that the motion be denied. Dkt. No. 195. Plaintiff objects to certain findings and Judge Hixson's recommendation that the motion be denied. Dkt. No. 209. Plaintiff has also made an administrative motion to excuse late filing of her exhibits in support of her objections. The Court **GRANTS** the administrative motion to excuse late filing. *See* Dkt. No. 208. For the reasons discussed below, the Court **ADOPTS** Judge Hixson's report and recommendation and **DENIES** plaintiff's motion for terminating sanctions.

**BACKGROUND**

This case concerns defendant's alleged failure to screen and treat plaintiff when she was a minor in November and December 2008. Dkt. No. 1. Plaintiff filed a motion for terminating sanctions on July 2, 2022, alleging that defendant had failed to preserve evidence. Dkt. No. 157 at 1. Magistrate Judge Hixson held a hearing on the motion on August 18, Dkt. No. 193, and issued a Report and Recommendation recommending that the motion be denied on August 22. Plaintiff filed

her objection to the Report and Recommendation on September 5, 2022.[1] Plaintiff objected to the following findings: (1) that there was no failure to preserve the EMTALA Log, (2) that plaintiff failed to prove the requisite intent for terminating sanctions, (3) that all the evidence in question is electronically stored information (ESI) and therefore governed by FRCP 37(e), (4) that a three-part test determines whether spoilation occurred, (5) that Defendant did not redact the Medical Transport Program Call Record (MTPCR),  and (7) that destruction of evidence was within defendant's routine business procedures.[2] Dkt. No. 209 at 3.  Plaintiff objects to Judge Hixson's recommendation that the Court deny terminating sanctions. *Id.*

## DISCUSSION

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C.A. § 636(b)(1)(C).   The Court reviews *de novo* those portions of a magistrate judge's report and recommendations to which a party objects. *Id.*

### A.     Whether Stanford failed to preserve the EMTALA log

Pauly first objects to Judge Hixson's finding that there was no showing that Stanford failed to preserve its EMTALA log. Dkt. No. 209 at 1, 5 (objection); Dkt. No. 195 at 4 (finding).  Pauly argues that the EMTALA log produced by defendant does not meet requirements for what must be included in an EMTALA log. Dkt. No. 209 at 5. However, the Court agrees with Judge Hixson's finding that "Pauly failed to demonstrate that the log lacks information that it previously had." Dkt. No. 195 at 4.  The issue is not whether Stanford followed requirements in creating the log, but whether it failed to preserve the information in the original log.  Because Pauly has not shown that

---

[1] Plaintiff appears to have filed the objection on September 5, 2022, after which there was an electronic filing error.  Dkt. No. 203.  Plaintiff re-filed what appears to be the same objection on September 6, 2022.  Dkt. No. 209.  Because plaintiff originally filed on September 5, the Court will accept it.

[2] Plaintiff also asserts that Judge Hixson failed to address Plaintiff's expert testimony but does not tie that assertion to specific proposed findings or recommendations. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (clarifying that *de novo* review is only required for proposed findings and recommendations to which objection is made).

Stanford failed to preserve this log, the Court adopts Judge Hixson's finding.

### B.  Whether plaintiff proved the requisite intent for terminating sanctions

Plaintiff next challenges Judge Hixson's finding that Pauly failed to establish the requisite intent for terminating sanctions under FRCP 37(e). Dkt. No. 209 at 1, 12–18 (objection); Dkt. No. 195 at 7 (finding). After reviewing the record, the Court finds insufficient evidence that Stanford acted with the requisite intent. *See U.S. ex rel. Carter v. Bridgepoint Educ.*, Inc., 305 F.R.D. 225, 243 (S.D. Cal. 2015) (noting terminating sanctions "must be supported by some credible evidence, not implications and innuendo"). Therefore, terminating sanctions are unavailable under FRCP 37(e), which requires a "finding that the party acted with the intent to deprive another party of the information's use in the litigation."

### C.  Whether all the evidence in question is ESI and therefore governed by FRCP 37(e)

Plaintiff seeks *de novo* review of Judge Hixson's determination that the evidence in question was ESI, arguing that "Defendant never stated that all the evidence requested was exclusively retained as electronic evidence." Dkt. No. 209 at 4. However, plaintiff's motion for terminating sanctions specifically stated that the evidence in question was electronic. *See* Dkt. No. 157 at 1 (seeking terminating sanctions due to "intentional and willful spoliation of electronic evidence"). Because plaintiff did not allege, and has not shown, any destruction of non-ESI evidence, the Court adopts Judge Hixson's finding that all the materials in question are ESI.

The Ninth Circuit has held that Rule 37(e) "foreclose[s] reliance on inherent authority" to determine whether terminating sanctions are appropriate where ESI that should have been preserved is lost. *Newberry v. Cnty. of San Bernardino*, 750 F. App'x 534, 537 (9th Cir. 2018). Judge Hixson correctly relied on Rule 37(e) rather than the court's inherent authority. *See id.*

### D.  Whether a three-part test determines whether spoliation occurred

Pauly disputes Judge Hixson's application of a three-part test to determine whether

spoliation occurred. Dkt. No. 209 at 1 (objection); Dkt. No. 195 at 5 (report and recommendation). Plaintiff does not provide any support for her argument that the three-part test should not apply. *See* Dkt. No. 209. The three-part test applied by Judge Hixson has been used in many courts in the district and was appropriate in this case. *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, 881 F. Supp. 2d 1132, 1138 (N.D. Cal. 2012).

### E. Whether defendant redacted the MTPCR

Pauly next challenges Judge Hixson's finding that the pixilation and missing information in the MTPCR was the result of "the fact that the original document was in color" and the produced copy is in black and white. Dkt. No. 209 at 1, 5 (objection); Dkt. No. 195 at 3-7 (findings). Pauly argues that the pixilation and missing information were the result of redaction; she submitted an expert report. Dkt. No. 209 at 5; *see* Dkt. No. 158, Exhibit H (expert report). Judge Hixson did find that Stanford failed to preserve the color copy of the MTPCR but did not find that Stanford acted with the requisite intent for terminating sanctions. Dkt. No. 195 at 3–7. Having reviewed the black and white copy of the MTPCR and the expert report, the Court finds that Pauly has failed to establish the report was redacted. The expert report does not address the likelihood that pixilation and missing information occurred when a black and white copy was made of the color original rather than due to redaction. *See* Dkt. No. 158, Exhibit H (expert report). The Court agrees with Judge Hixson's recommended finding.

### F. Whether destruction of evidence was within defendant's routine business procedures

Finally Pauly disputes Judge Hixson's finding that destruction of evidence was within the regular course of business. Dkt. No. 209 at 1, 7–10. But Pauly has failed to show that Stanford destroyed evidence outside the normal course of business. *See U.S. ex rel. Carter v. Bridgepoint Educ., Inc.,* 305 F.R.D. 225, 243 (S.D. Cal. 2015) (requiring "credible evidence" of intentional spoliation).

4

### G. Judge Hixson's Recommendation

The Court has reviewed the docket, Judge Hixson's Report and Recommendation, and plaintiff's objections, and concludes that terminating sanctions are not appropriate. Plaintiff has failed to make the requisite intent showing to justify terminating sanctions under FRCP 37(e).

**CONCLUSION**

The Court **GRANTS** plaintiff's motion to excuse late filing of exhibits to her objections to Judge Hixson's Report and Recommendation. The Court **ADOPTS** Judge Hixson's Report and Recommendation and **DENIES** plaintiff's motion for terminating sanctions.

**IT IS SO ORDERED**.

Dated: September 12, 2022

_____
SUSAN ILLSTON
United States District Judge